COMMISSIONER OF ENVIRONMENTAL PROTECTION *v.* LAKE PHIPPS LAND OWNERS CORPORATION (2223)

HULL, SPALLONE and DALY, Js.

Argued November 6, 1984—decision released January 1, 1985

*David M. Reilly,* for the appellant (defendant).

*Jeffrey M. Sachs,* special assistant corporation counsel, with whom, on the brief, was *Victor P. Fasano,* special assistant corporation counsel, for the appellee (third party defendant).

SPALLONE, J. This is an appeal by the third party plaintiff, Lake Phipps Land Owners Corporation (hereinafter corporation), from the trial court's judgment dismissing its third party complaint against the third party defendant, city of West Haven (hereinafter city).

The original action was filed by the plaintiff commissioner of environmental protection (hereinafter commissioner) against the corporation seeking a permanent injunction mandating that the corporation comply with an order of the commissioner requiring it to repair three dams it owns in the city of West Haven. The corporation then filed an impleader action against the city, alleging that the city is or may be liable to the commissioner because some construction projects by the city worsened the condition of the dams.

The city filed a motion to dismiss challenging the sufficiency of the third party complaint.[1] The trial court granted the motion to dismiss because the corporation failed to allege that the city was liable to the corporation for all or part of the commissioner's claim against the corporation, that the third party complaint did not set forth a cause of action premised on secondary liability and that the third party action is separate and

[1] The amended third party complaint is in three counts. Paragraph 7 of the first count provides that "[t]he City of West Haven is or may be liable to the plaintiff for all or part of the plaintiff's claim against the third party plaintiff . . . ." Paragraph 4 of the second count provides that "[t]he City of West Haven is or may be liable to the plaintiff for all or part of the plaintiff's claim against the third party plaintiff . . . ." Paragraph 5 of the third count provides that "[t]he City of West Haven is or may be liable to the plaintiff for all or part of the plaintiff's claim against the third party plaintiff . . . ."

distinct from the main action and is therefore inappropriate for impleader. The trial court, treating the motion to dismiss as a motion to strike, dismissed the third party complaint.[2]

The third party complaint was correctly dismissed because, by its very language, it failed to meet the requirements of General Statutes § 52-102a and Practice Book § 117.[3] *Senior* v. *Hope,* 156 Conn. 92, 97, 239 A.2d 486 (1968).

Connecticut General Statutes § 52-102a (a) provides in pertinent part that "[a] defendant in any civil action may move the court for permission . . . to serve a writ, summons and complaint upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him." An impleading party has the burden of alleging facts sufficient to bring an action within the requirements of the statute. *Senior* v. *Hope,* supra, 98. As a fundamental and threshold requirement, a third party plaintiff must allege that the third party defendant is or may be liable to the third party plaintiff for all or part of the plaintiff's claim against him.

In this case, the amended third party complaint alleges that "the City of West Haven is or may be liable to the plaintiff for all or part of the plaintiff's claim against the third party plaintiff." This language is clearly incorrect and fails to meet an essential allegation mandated by the statute.

---

[2] A motion to dismiss is an improper vehicle to challenge the propriety of an impleader complaint. Practice Book § 143. An attack upon the sufficiency of an impleader complaint should be made by a motion to strike. That motion is used to test the legal sufficiency of a complaint, counterclaim or cross-claim, or of any count thereof, to state a claim upon which relief can be granted. Practice Book § 152. The trial court treated the motion to dismiss as a motion to strike, and we do the same.

[3] The language of Practice Book § 117 is virtually identical to that of General Statutes § 52-102a.

The complaint should have alleged that the city of West Haven is or may be liable to the third party plaintiff corporation, not the plaintiff commissioner. The omission of an essential allegation to a statutory action sufficiently supports the trial court's dismissal of the third party complaint. Therefore, we need not discuss the court's other reasons for granting the dismissal.

There is no error.

In this opinion the other judges concurred.