[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The third-party defendant moves to strike count two of the amended third-party complaint on the grounds that the third-party complaint fails to allege facts sufficient to support a claim for indemnification based on tort.
This case arises out of an accident at a construction site owned by Aetna Life and Casualty Insurance Company. On February 22, 1991, plaintiffs James and Angela Kay Naquin[1] filed a four-count amended complaint against defendants Patent Scaffolding Company ("Patent Scaffolding") and Industrial Construction Company ("Industrial"), alleging liability under General Statutes52-572m — 52-572r, as well as negligence and loss of consortium. Plaintiff James Naquin alleges that on September 28, 1989, while working at the Aetna construction site as an employee of Reed Greenwood Insulation Company CT Page 3177 ("Reed Greenwood"), he was caused to fall from scaffolding erected by defendant Patent Scaffolding, thereby sustaining personal injuries and losses. (Complaint, pp. 1-2). Plaintiff alleges that defendant Industrial was the general contractor for the above construction site, and defendant Patent Scaffolding was a subcontractor responsible for the erection and maintenance of the scaffolding used throughout the site. (Complaint, pp. 1-2, paras. 2-3).
On December 24, 1990, plaintiff's employer, Reed Greenwood, moved to intervene as a co-plaintiff in the above action, and said motion was granted by the court, Koletsky, J., on April 8, 1991. On May 21, 1991, Reed Greenwood filed a revised intervening complaint against defendants, seeking reimbursement for workers' compensation it has paid and will be obligated to pay under the workers' Compensation Act. (Revised Intervening Complaint, p. 2, para. 7).
On January 31, 1991, pursuant to Practice Book 117, defendants Patent Scaffolding and Industrial Construction moved to implead Reed Greenwood as a third-party defendant, and said motion was granted by the court, Stengel, J., on March 11, 1991. By way of a two-count amended third-party complaint dated August 30, 1991, defendants/third-party plaintiffs seek indemnification, contribution, and costs/attorneys' fees. The first count is brought by Patent Scaffolding and alleges indemnification based upon a contractual theory, and the second count is brought by both third-party plaintiffs and alleges indemnification based upon tort. In count two of the third-party complaint, third-party plaintiffs allege that plaintiff James Naquin was an employee of third-party defendant Reed Greenwood at the time of his accident, and was under their exclusive control (Amended Third-party Complaint, p. 2, paras. 4-5, as incorporated into count two). Third-party plaintiffs further allege the following:
 7. Reed Greenwood holds itself out to the construction industry, and to the general public, as an "Asbestos Abatement Contractor" specializing in the removal of asbestos insulation.
 8. The third-party plaintiffs were entitled to, and did in fact, rely upon the skill and expertise of Reed Greenwood to furnish competent workers and suitable equipment and materials to perform the asbestos removal work necessary at the job site in a proper and workmanlike manner.
CT Page 3178
 9. The third-party defendant therefore owed an independent legal duty to the third-party plaintiffs.
(Amended Third-party Complaint, p. 3, paras. 7-9).
On January 13, 1992, pursuant to Practice Book 152, third-party defendant Reed Greenwood filed a motion to strike the second count of the amended third-party complaint, accompanied by a memorandum of law in support thereof. Third-party defendant moves to strike count two in its entirety on the ground that it "fails to allege a sufficient ground for indemnity." Third-party defendant alternatively moves to strike subparagraphs 10(e) — (f) of count two[2] on the ground that "they are insufficient as a matter of law in that their statutory basis is inapplicable in this case."
On January 15, 1992, third-party plaintiffs filed a memorandum of law in opposition to third-party defendant's motion to strike. In their memorandum of law in opposition/third-party plaintiffs note that third-party plaintiff Patent Scaffolding will withdraw as a third-party plaintiff from the second count of the third-party complaint. Until such time as Patent Scaffolding files a withdrawal with the superior court, Patent Scaffolding continues to be a third-party plaintiff in the second count.
The function of a motion to strike is "to test the legal sufficiency of a pleading." Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541, 545,427 A.2d 822 (1980). "An attack upon the sufficiency of an impleader complaint should be made by a motion to strike." Commissioner v. Lake Phipps Land Owners Corporation,3 Conn. App. 100, 102 n. 2, 485 A.2d 580 (1985); see also Senior v. Hope, 156 Conn. 92, 97, 239 A.2d 486 (1968). The motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis in original). Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368
(1985). "The court must construe the facts most favorably to the plaintiff." Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170, 544 A.2d 1185 (1988).
In its memorandum of law in support of the motion to strike, third-party defendant argues that third-party plaintiffs fail to allege facts sufficient in count two to support an independent legal relationship between CT Page 3179 themselves and third-party defendant Reed Greenwood, as required by Ferryman v. Groton, 212 Conn. 138, 561 A.2d 432
(1989). Alternatively, third-party defendant argues that subparagraphs 10(e), (f), and (g) of count two should be stricken on the ground that they allege violations of General Statutes 31-49 which, third-party defendant maintains, is inapplicable to the present case.
Third-party plaintiffs argue, in their memorandum in opposition to the motion to strike, that they have alleged a legally sufficient claim for indemnification under Ferryman v. Groton, supra. In addition, as to third-party defendant's motion to strike subparagraphs of count two, third-party plaintiffs respond that 1) a motion to strike should not be used to strike individual paragraphs, and 2) the subparagraphs being attacked "do not purport to set forth a statutory cause of action against Reed Greenwood. . . ." (Memorandum in Opposition, pp. 5-6).
"Indemnity involves a claim for reimbursement in full from one who is claimed to be primarily liable. Kaplan v. Merberg Wrecking Corporation, 152 Conn. 405, 412. . .(1965)." Atkinson v. Berloni, 23 Conn. App. 325, 326 (1990).
 [I]f a claim for indemnification is grounded in tort, reimbursement is warranted only upon proof that the injury resulted from the "active or primary negligence" of the party against whom reimbursement is sought. (Citation omitted). Such proof requires a plaintiff to establish four separate elements: "(1) that the other tortfeasor was negligent; (2) that his negligence, rather than the plaintiff's, was the direct, immediate cause of the accident and injuries; (3) that he was in control of the situation to the exclusion of the plaintiff; and (4) that the plaintiff did not know of such negligence, had no reason to anticipate it, and could reasonably rely on the other tortfeasor not be negligent." Kyrtatas v. Stop Shop, Inc., 205 Conn. 694, 698. . .(1988); Kaplan v. Merberg Wrecking Corporation, [152 Conn. at 416]. . .
Burkert v. Petrol Plus of Naugatuck, Inc.,216 Conn. 65, 74, 579 A.2d 26 (1990); see also Downs v. Torres, 4 CTLR 635, 636 (August 29, 1991, Hennessey, J.).
Ferryman v. Groton, supra, sets forth an CT Page 3180 additional requirement for an indemnification claim grounded in tort when the alleged indemnitor is the employer of the original plaintiff. In Ferryman, third-party plaintiff brought a third-party action against the employer of the original plaintiff, seeking indemnification. Id., 140-41. A motion to strike the third-party complaint was filed on the ground that the exclusivity clause of the Workers' Compensation Act, General Statutes 31-284 (a), barred an indemnification claim by the original defendant against the original plaintiff's employer. Id., 141. On appeal from the trial court's granting of the motion to strike, the Connecticut Supreme Court held:
 `When the third party, in a suit by the employee, seeks recovery over against a contributorily negligent employer, contribution [or indemnification] is ordinarily denied on the ground that the employer cannot be said to be jointly liable in tort to the employee because of the operation of the exclusive-remedy clause. But if the employer can be said to have breached an independent duty toward the third party, or if there is a basis for finding an implied promise of indemnity, recovery in the form of indemnity may be allowed.'
Id., 144-45, quoting 2A A. Larson, Workmen's Compensation Law 76. (Emphasis added). The supreme court concluded that the third-party complaint "disclose[d] the essentials of either a co-owner relationship, a bailor-bailee relationship or a lessor-lessee relationship, any one of which could contain the express or implied independent, legal duty that would serve to preclude the operation of the exclusive remedy provisions of 31-284." Id., 146.
In the case at bar, third-party plaintiffs seek indemnification based on tort from the original plaintiff's employer, third-party defendant Reed Greenwood. However, third-party plaintiffs fail to allege facts sufficient in count two to support an independent legal relationship between themselves and the third-party defendant which would give rise to an express or implied independent legal duty. While third-party plaintiffs do allege that "third-party defendant therefore owed an independent legal duty to the third-party plaintiff," (Complaint, p. 3, para. 9), the factual allegations pled in count two are CT Page 3181 insufficient to support such a conclusion. In fact, in reviewing the allegations of count two, it is unclear what, if any, relationship exists between the third-party plaintiffs and the third-party defendant.
Accordingly, because third-party plaintiffs fail to allege sufficient facts to support a claim for indemnification grounded in tort, third-party defendant's motion to strike count two is granted. In light of the foregoing, it is unnecessary for this court to address third-party defendant's argument concerning its motion to strike various subparagraphs of count two.
MARY R. HENNESSEY, JUDGE.