[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO IMPLEAD (#116)
This is a foreclosure action upon two parcels of real property in Cromwell, Connecticut. The parcels are subject to a mortgage executed by the defendant, Edward C. Doherty, Trustee for the Phelimy Trust, in favor of the plaintiff, Farmers 
Mechanics Savings Bank. The plaintiff filed its complaint on December 23, 1993, and on February 16, 1994, the defendant filed an answer, special defenses, and a counterclaim. In his five-count counterclaim, the defendant alleges inter alia, that he suffered damages as a result of wrongful conduct by the plaintiff's president, John Beckert.[1]
The defendant now moves to implead Beckert as a third-party CT Page 6043 defendant. In their motion and memorandum the defendant claims that Beckert is necessary for a complete determination and settlement of the issues alleged in the pleadings, citing General Statutes Sec. 52-102 and Sec. 52-110 authority. Accompany his motion, the defendant has filed a proposed third-party complaint against Beckert. The allegations in the proposed third-party complaint are virtually identical to the counterclaims alleged against the plaintiff, and none of the claims in the proposed third-party complaint allege that Beckert is liable to the defendant for either indemnification or contribution. Both Beckert and the plaintiff filed memoranda opposing the motion.
The Connecticut impleader statute, General Statutes Sec. 52-102a, provides in pertinent part:
 A defendant in any civil action may move the court for permission as a third-party plaintiff to serve writ, summons and complaint upon a person not a party to the action who is or may be liable to him for all or Dart of the plaintiff's claims against him.
Accordingly, a third-party plaintiff is required to allege that the third-party defendant is or may be liable to the third-partyplaintiff for all or part of the plaintiff's claim against him. See Commissioner v. Lake Phipps Land Owner Corp. , 3 Conn. App. 100,102, 485 A.2d 580 (1985). By comparison, Connecticut's cite-in statute, General Statutes Sec. 52-102, provides in pertinent part:
 Upon motion made by any party or nonparty to a civil action, the person named in the party's motion or the nonparty so moving, as the case may be, (1) may be made a party by the court if that person has or claims an interest in the controversy, or any part thereof, adverse to the plaintiff, or (2) shall be made a party by the court if that person is necessary for a complete determination or settlement of any question involved therein;
It appears that the defendant has confused these two separate and distinct procedural vehicles for bringing non-parties into an action. The caption and language of the defendant's motion and supporting memorandum use the terms "implead" and "third-party defendant," whereas his memorandum quotes, as authority for the CT Page 6044 motion, the cite-in statute. Nevertheless, the defendant's motion would be denied regardless of which procedural vehicle is claimed to apply.
The defendant cannot make Beckert a third-party defendant to this action because the defendant does not have an underlying substantive right to be indemnified by Beckert regarding this foreclosure action. An example of a permissible third party practice would be where a proposed third-party defendant is an insurer for the defendant/third party plaintiff.
Moreover, even if the court was so generous as to read the defendant's motion as one to cite-in Beckert under General Statutes Sec. 52-102, the motion would also be denied. The defendant cannot properly cite-in Beckert to this action since Beckert's presence, as an individual party, is not necessary for a complete determination and settlement of this foreclosure action. Accordingly, the motion is denied.
JOHN WALSH, J.