[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On November 23, 1994, the plaintiffs, Shirley Campagna and her husband, Sandy Campagna, filed an amended complaint against the defendants, Amy Benenson Aronson and Lisa Benenson. The complaint alleges that on December 14, 1992, Shirley Campagna suffered personal injuries and damages as a result of a fall in the parking lot of the Grand Union supermarket in Ridgefield, Connecticut, a premises owned by the defendants. Sandy Campagna alleges a loss of consortium as a result of Shirley Campagna's CT Page 1355-A fall and resultant injuries. Shirley Campagna's fall was allegedly caused by the defendants' negligence in failing to properly remove ice and snow from the parking lot.
On November 23, 1994, the defendants filed a motion to implead and a proposed third party complaint against Nazareno Marconi, alleging contribution, active/passive indemnification and breach of contract. The third party complaint alleges that Marconi contracted with, the defendants to remove ice and snow from the Grand Union parking lot. The defendants state that he was obliged to "maintain the parking lot in a reasonably safe condition reasonably free of ice and snow."
On December 8, 1994, the plaintiffs filed an objection to the motion to implead. The plaintiffs have no objection to the active/passive indemnification and breach of contract counts; however, they do object to the first count of the third party complaint alleging contribution. Contribution, they contend, is not the proper subject of an impleader complaint.
Practice Book, Sec. 117 and General Statutes, Sec. 52-102a(a) CT Page 1355-B provide, in pertinent part, that"[a] defendant in any civil action may move the court for permission as a third-party plaintiff to serve a writ, summons and complaint upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him." "The motion may be filed any time before trial and permission may be granted by the court if, in its discretion, it deems that the granting of the motion will not unduly delay the trial of the action nor work an injustice upon the plaintiff or the party sought to be impleaded." General Statutes, Sec. 52-102a(a). Pursuant to section 52-102a, "[t]he defendant . . . [does] not have a statutory right to implead a third party; the statute commits the decision on such motions to the sound discretion of the trial court." (Emphasis added.) Cupina v. Bernklau, 17 Conn. App. 159,164, 551, A.2d 37 (1988).
General Statutes, Sec. 52-102a(a9) specifically provides that in ruling on the motion the court should determine two issues: (1) whether there will be an undue delay of trial, and (2) whether an injustice will be worked upon the plaintiff or the third party defendant should the motion be granted. The CT Page 1355-C defendants argue that both criteria are satisfied in this case.
The plaintiffs, in their objection to the motion to implead, fail to address the delay and injustice issues. Rather, their arguments are aimed at the legal sufficiency of the allegations of the third party complaint.
In Commissioner v. Lake Phipps Land Owners Corp. ,3 Conn. App. 100, 102 n. 2, 485 A.2d 580 (1985), the court held that "[a]n attack upon the sufficiency of an impleader complaint should be made by a motion to strike. That motion is used to test the legal sufficiency of a complaint, counter-claim or cross-claim, or of any count thereof, to state a claim upon which relief can be granted. Practice Book 152." Further, General Statutes, Sec.52-102a "contemplates that the pleadings are to be treated in the same manner as those in the ordinary civil action. Consequently . . . the defendant is privileged to test by . . . [a motion to strike] the sufficiency of the cause of action stated." (Emphasis added.) Senior v. Hope, 156 Conn. 92, 97,239 A.2d 486 (1968); see also Carothers v. South Farms of MiddletownInc., Superior Court, Judicial District of Hartford-New Britain CT Page 1355-D at Hartford, Docket No. 38 21 10 (November 12, 1991, Hennessy, J.) (arguments in objection to motion to implead that go to the legal sufficiency of the third party complaint are improper and must be raised by a motion to strike).[1] Therefore, the court should address only the issues of delay and injustice in ruling on the motion to implead, not the legal sufficiency of the proposed impleader complaint.
Both of the impleader criteria are satisfied in this case. The case had not been assigned for the trial list; therefore, the granting of the motion should not delay the matter. Moreover, the plaintiffs do not contend that the granting of the motion will delay this case.
There will be no injustice to the plaintiffs or the third party defendant if the motion to implead is granted. The plaintiffs only object to the contribution count of the third party complaint, not to the remaining counts sounding in active/passive indemnification and breach of contract. Both the plaintiffs and the third party defendant will have an opportunity, subsequent to the granting of the motion to implead, CT Page 1355-E to contest the legal sufficiency of the objectionable portions of the third party complaint; see Commissioner v. Lake Phipps LandOwners Corp. , supra, 102 n. 2; Practice Book Sec. 152; as well as all the other procedural mechanisms available to them to protect their interests. Therefore, no injustice will accrue to the plaintiffs or the third party defendant.
Based on the foregoing, the defendants' motion to implead is granted.
Stodolink, J.