[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant Shawmut Bank Connecticut N.A. successor to Gateway Bank moves the court to permit Gateway as a third-party plaintiff to implead John D. D'Elia as a party defendant. The motion cites Practice Book § 85 and General Statutes § 52-102a
which are not the same provisions. Because the motion characterizes Gateway as a third-party plaintiff, the court will consider the motion under Practice Book § 117. Practice Book CT Page 308 § 117 and General Statutes § 52-102a(a) provide, in pertinent part, that: "[a] defendant in any civil action may move the court for permission as a third-party plaintiff to serve a writ, summons and complaint upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. The motion may be filed any time before trial and permission may be granted by the court if, in its discretion, it deems that the granting of the motion will not unduly delay the trial of the action nor work an injustice upon the plaintiff or the party sought to be impleaded." "As a fundamental and threshold requirement, a third party plaintiff must allege that the third party defendant is or may be liable to the third party plaintiff for all or part of the plaintiffs claim against him." Commissioner v. Lake Phipps Land OwnersCorporation, 3 Conn. App. 100, 102, 485 A.2d 580 (1985).
The plaintiff-trustee Knight alleges breach of fiduciary duty, conversion, theft and a Connecticut Unfair Trade Practices Act violation in that John D. D'Elia, the co-trustee of the trust and the party sought to be impleaded, pledged a C.D. owned by the Trust created by John J. D'Elia to the defendant Gateway bank as security for a commercial loan for D'Elia's personal use without the knowledge and consent of the plaintiff co trustee. The complaint alleges that the C.D. was never transferred by the bank from the Estate to the Trust. Further, the complaint alleges that the bank knew the C.D. was owned by the Trust and therefore improperly accepted the assignment of the C.D. to the bank as collateral for the loan.
The bank claims that D'Elia may be liable to Gateway for all or part of the complaint because the complaint alleges that Gateway is liable to the trust for refusing to release the C.D. to the trust, the C.D. that was allegedly fraudulently pledged by D'Elia.
The plaintiff argues that the case has a date certain for trial to an attorney trial referee on January 24, 1996. A successful motion to implead would delay the trial, and the defendant has had more than 13 months to implead D'Elia. The defendant responds that it had a standing order requiring the plaintiff to cite in D'Elia, which was vacated two months before the motion was filed, on July 11, 1995, D'Andrea, J.
The defendant's request would not work an injustice upon the plaintiff because the defendant has been attempting to bring CT Page 309 D'Elia into the suit for the past year. The defendant was granted an automatic stay of bankruptcy to bring the defendant into the case. Gateway v. John D'Elia, U.S. Bankruptcy Court, D.Conn., Case No. 50087 (August 26, 1994). Since that time the parties have been in and out of court on the issue of whether the stay required the plaintiff to cite in D'Elia as party defendant, culminating in Judge D'Andrea's ruling dated July 11, 1995 vacating a previous ruling requiring the plaintiff to cite in D'Elia, dated October 24, 1994, Ryan, J. The motion is not a surprise to the plaintiffs. As to delay of trial, a month should be sufficient time to serve the third party defendant and for D'Elia to respond.
NADEAU, J.