[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 1353-SS
The plaintiff administrator brings this action against the Greater Bridgeport Mental Health Center (the Center) and Albert J. Solnit, Commissioner of Mental Health for the State of Connecticut (commissioner). In his complaint, the plaintiff alleges that the Center, which is owned, operated and controlled by the State of Connecticut through the commissioner, undertook the care, treatment, monitoring and supervision of Edward Pfadt. Two days later, it is pleaded, Edward Pfadt committed suicide. The plaintiff alleges that the death was caused by the defendants violation of General Statutes §§ 17a-541, 17a-542.[1]
The defendants have moved to dismiss the complaint based on the doctrine of sovereign immunity. "`[T]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss.' Amore v.Frankel, 228 Conn. 358, 364, 636 A.2d 786 (1994). `When a [trial] court decides a jurisdictional question raised by a pretrial motion to dismiss, it must consider the allegations of the complaint in their most favorable light.' Reynolds v.Soffer, 183 Conn. 67, 68, 438 A.2d 1163 (1981). Because this case comes to us on a threshold sovereign immunity issue, pursuant to a motion to dismiss; Practice Book § 143; we do not pass on whether the complaint was legally sufficient to state a cause of action." Antinerella v. Rioux, 229 Conn. 479, 489,642 A.2d 699 (1994).
In Mahoney v. Lensink, 213 Conn. 548, 569 A.2d 518 (1990), the supreme court held that the General Assembly, in General Statutes § 17a-550, had waived sovereign immunity for violations of General Statutes §§ 17a-540 through 17a-550.[2] However, theMahoney court also held that an action for such statutory violations does not sound in negligence. Id., 566, 572. The plaintiff's claim that, since the Legislature has waived sovereign immunity as to violations of General Statutes §§ 17a-541,17a-542, it is of no moment as to how the defendants violated those statutes, is without merit.
"We must therefore ascertain whether the allegations of this complaint rise above negligence." Mahoney v. Lensink,
supra, 213 Conn. 572. Unlike the complaint in Mahoney, the complaint here clearly does not. Paragraph 7 of the complaint reads: "As a result of the carelessness and negligence of the defendants and their servants, agents and/or employees, EDWARD CT Page 1353-TT PFADT, suffered serious, painful and permanent injuries as set forth in paragraph 8." Paragraph 8 of the complaint states: "Said injuries were caused by the failure of the defendants and their servants, agents and/or employees to exercise reasonable care and skill under all the existing circumstances in that they "violated General Statutes §§ 17a-541, 17a-542. Thus, paragraph 7 expressly alleges negligence and paragraph 8 employs the words "reasonable care and skill" which clearly connote negligence. See, e.g., Fidelity Casualty Co. v. Constitution NationalBank, 167 Conn. 478, 483, 356 A.2d 117 (1975); Neal v. Gillet,23 Conn. 436, 442-443 (1855).
"A motion to dismiss properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. In contrast, a motion to strike is the proper means of attacking a pleading that on its face is legally insufficient, although facts may indeed exist which, if properly pleaded, would establish a cause of action upon which relief could be granted. See Practice Book § 152. If a motion to dismiss is granted, the case is terminated save for an appeal of that ruling. The granting of a motion to strike, however, is not ordinarily a final judgment, since Practice Book § 157 affords a right to amend the deficient pleading. Thus if pleadings . . . could have been amended to state a cause of action, there was error in granting the motion to dismiss." (Emphasis in original; footnote omitted.) Baskin's Appeal from Probate, 194 Conn. 635,640-641, 484 A.2d 934 (1984). To harmonize the holding inMahoney with these teachings from Baskin's Appeal from Probate,
the court treats the defendants' motion to dismiss as a motion to strike. See Commissioner v. Lake Phipps Land OwnersCorporation, 3 Conn. App. 100, 102, 485 A.2d 580 (1985); cf.Gurliacci v. Mayer, 218 Conn. 531, 544 (1991); McCutcheon L.Burr Inc. v. Berman, 218 Conn. 512, 526 (1991); Isaacson v.Wiese, Judicial District of New London, No. 21-4837 (May 28, 1992); Colombo v. Imundi, Superior Court, judicial district of Danbury, No. 308843 (Apr. 16, 1993); Beazley Co. Realtors v.Business Park Associates, Superior Court, judicial district of New London, No. 523977 (Nov. 6, 1992); LeClaire v. Town ofVernon, Superior Court, judicial district of Tolland, No. 44254 (Aug. 1, 1990). Waskevich v. Devlin, Superior Court, judicial district of New Haven, No. 296272 (July 30, 1990). Thus considered, the motion is granted.
BY THE COURT
CT Page 1353-UU
Bruce L. LevinJudge of the Superior Court