[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE SPECIAL DEFENSES ANDCOUNTERCLAIMS (#114)
On March 31, 1995, the plaintiff, General Electric Company (GE) filed a two count complaint against the defendant, Specialty Store Lighting, Inc. (Specialty). The subject of the complaint is a Distributor Agreement (the Agreement) by which GE agreed to sell to Specialty certain GE lighting products which Specialty would, in turn, offer for resale. Attachment A to the Agreement, which Agreement is incorporated by reference in GE's complaint, is a Consignment Agreement whereby GE agreed to provide Specialty with stock and, on the fifteenth day of each month, Specialty agreed to pay to GE the total price of all such products withdrawn from stock by sale in the preceding month. The first count of GE's complaint alleges the breach of the Agreement by Specialty's failure to remit to GE payment for goods withdrawn from consigned stock. The first count further alleges that, upon demand for payment, Specialty failed to remit payment for $121,086.60, the alleged total sum due to GE from Specialty for the withdrawn, consigned stock. The second count, realleging the same facts as count one, alleges that Specialty has been unjustly enriched to GE's detriment in the amount of $121,086.60.
On August 10, 1995, Specialty filed an answer and four special defenses; on October 27, 1995, Specialty filed revised amended special defenses and asserted for the first time a three count counterclaim. The first special defense alleges that GE breached the Agreement by terminating it without the required 60 days notice, by failing to provide price quotes to Specialty, by providing discriminatory price quotes to Specialty and by violating the implied covenant of good faith and fair dealing. The second special defense alleges, by the same facts as the first special-defense, a breach of public policy. The third special defense, alleging a violation of The Robinson Patman Act, Title 15 U.S.C. § 13
(e), has since been stricken and is no longer relevant. The fourth special defense realleges a violation of the implied covenant of good faith and fair dealing by GE's alleged wrongful termination of the Agreement without the required 60 days notice.
The first count of Specialty's counterclaim alleges a breach of the Agreement by GE's providing discriminatory price quotations CT Page 2026 and wrongfully terminating the Agreement without 60 days notice. The second and third counts, alleging essentially the same facts as those in the first count, allege, respectively, a breach of the implied covenant of good faith and fair dealing and a violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110b. Damages consisting of lost profits are alleged under each counterclaim.
On November 9, 1995, GE filed a motion to strike Specialty's special defenses and all three counts of its counterclaim pursuant to Practice Book §§ 152(1) and 152(5).
A motion to strike "is used to test the legal sufficiency of a complaint, counterclaim or cross-claim . . . to state a claim upon which relief can be granted." Commissioner v. Lake PhippsLand Owners Corporation, 3 Conn. App. 100, 102 n. 2. 485 A.2d 380
(1985); Practice Book § 152(1). A motion to strike may also be used to contest the legal sufficiency of a special defense.Connecticut National Bank v. Voog, 233 Conn. 352, 354-55,659 A.2d 172 (1995); Practice Book § 152(5). "In ruling on a motion to strike, the court is limited to the facts alleged in the [pleading]." Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 214, 215, 618 A.2d 25 (1992). "In reviewing the granting of a motion to strike, we construe the facts alleged in the [pleading] in a light most favorable to the pleader." RKConstructors, Inc. v. Fusco Corp., 231 Conn. 381, 384, 650 A.2d 153
(1994).
Specialty, in each special defense, has failed to allege facts which are consistent with GE's complaint but show that GE has no cause of action. "No facts may be proved under either a general or special denial except such as show that the plaintiff's statements of fact are untrue. Facts which are consistent with such statements but show, notwithstanding, that he has no cause of action, must be specially alleged." Practice Book § 164. "As a general rule, facts must be pleaded as a special defense when they are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." Bennett v. Automobile Ins. Co. of Hartford, 230 Conn. 795,802, 646 A.2d 806 (1994). See also Grant v. Bassman,221 Conn. 465, 472-73, 604 A.2d 814 (1992). "The fundamental purpose of a special defense, like other pleadings, is to apprise the court and opposing counsel of the issues to be tried, so that basic issues are not concealed until the trial is underway." Id. See also Pawlinski v. Allstate Ins. Co., 165 Conn. 1, 6, 327 A.2d 583
CT Page 2027 (1973); DuBose v. Carabetta, 161 Conn. 254, 261, 287 A.2d 357
(1971).
In its special defenses, Specialty alleges a breach different from the breach alleged in GE's complaint. The breach alleged by Specialty fails to show that GE has no cause of action for the breach alleged in its complaint. Specialty argues that the GE breach alleged in its special defenses amounted to a total breach of the Agreement by GE and thus excused Specialty from all duties under the contract. Specialty's argument, however, has no foundation in the principles of contract law.
"[E]ven in the case of a total breach, the contract is not put out of existence, though all further performance of the obligations undertaken by each party in favour of the other may cease. It survives for the purpose of measuring the claims arising out of the breach . . . ." (Internal quotation marks omitted.) Hanover Ins.Co. v. Fireman's Funds Ins. Co., 217 Conn. 340, 347, 586 A.2d 567
(1991). Though Specialty may have been excused from further performance under the Agreement, GE's alleged breach does not excuse Specialty from fulfilling obligations under the Agreement which arose prior to GE's alleged breach. GE's complaint seeks payment for goods which appear to have been delivered to Specialty in advance of any dispute between either party. Payment for these goods is an obligation which existed prior to the breach alleged by Specialty. Thus the alleged breach on the part of GE does not provide a special defense which shows that GE has no cause of action. Accordingly, Specialty's first, second and fourth special defenses should be stricken.
Next, Specialty's counterclaim, which alleges, respectively, breach of contract, breach of the implied covenant of good faith and fair dealing and a violation of CUTPA, all allege damages resulting from lost profits. The Agreement between GE and Specialty, however, provides as follows:
"12. DURATION AND TERMINATION. . . . Neither Manufacturer nor Distributor shall, by reason of any termination of this Agreement, be liable to the other for compensation, reimbursement or damages of any kind either on account of present or prospective profits on sales or anticipated sales . . . provided, however, that such termination shall not affect the right or liabilities of the parties with respect to Products previously sold hereunder or with respect to any indebtedness then owing by either party to the other. CT Page 2028
13. LIMITATION OF LIABILITY. . . . In no event, whether as a result of breach of contract or warranty or alleged negligence or otherwise shall either party be liable to the other for special or consequential damages including, but not limited to, loss of profits or revenue . . . ."
This language clearly and unambiguously states that neither GE nor Specialty shall be liable to the other for lost profits. This language also clearly and unambiguously states that debts arising from products sold prior to the termination of the Agreement survive the termination.
"Where the language of the contract is clear and unambiguous, the contract is to be given effect according to its terms."Tremaine v. Tremaine, 235 Conn. 45, 57, 663 A.2d 387 (1995). "When the intention conveyed by the terms of an agreement is clear and unambiguous, there is no room for construction." (Internal quotation marks omitted.) Levine v. Massey, 232 Conn. 272, 278,654 A.2d 737 (1995). "It is axiomatic that a party is entitled to rely rupon its written contract as the final integration of its rights and duties." Id., 279. "Where there is definitive contract language, the determination of what the parties intended by their contractual commitments is a question of law." Thompson Peck,Inc. v. Harbor Marine Cont. Corp., 203 Conn. 123, 131, 523 A.2d 1266
(1987).
Since the Agreement, which Specialty has incorporated by reference into its counterclaim, clearly and explicitly states that neither party to the Agreement can seek damages consisting of lost; profits as a result of termination of the Agreement and since Specialty seeks exactly this in its counterclaim, the three counts of Specialty's counterclaim are legally insufficient and should be stricken.
Specialty argues in its memorandum of law in opposition to GE's motion to strike that the second and third counts of its counterclaim, which allege a breach of the implied covenant of good faith and fair dealing and a CUTPA violation, sound in tort and therefore fall outside the four corners of the Agreement's prohibition of lost profits damages. The Agreement does not confine the prohibition of lost profits to solely a termination of the Agreement by breach of contract. In fact, the Agreement specifically prohibits the recovery of lost profits "by reason of any termination of this Agreement" and "as a result of breach of CT Page 2029 contract or warranty or alleged negligence or otherwise." This language clearly and unambiguously prohibits lost profits damages under all causes of action. Specialty's allegations of tort violations in the second and third counts of its counterclaim appear to be an attempt to go around the plain language of the agreement in an effort to recover damages for lost profits. The plain language of the Agreement clearly does not support Specialty's argument in this regard. Accordingly, Specialty's first, second and third counterclaims should be stricken.
For the foregoing reasons, GE's motion to strike Specialty's special defenses and counterclaims is hereby granted in its entirety.
BY THE COURT:
STANLEY, J.