[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO IMPLEAD (#107)
This is the motion of Waban, Inc. d/b/a B.J.'s Wholesale Club ("Waban"), seeking permission to implead Huffy Service First, Inc. ("Huffy") for the purposes of contribution and/or indemnification pursuant to Connecticut General Statutes 52-102a
in an action where the said Waban has been sued in negligence. The plaintiff in the primary action alleges that she sustained personal injuries while on the defendant's (Waban) premises as a result of the collapse of a basketball display. The plaintiff alleges that her injuries were caused by the defendant's failure to properly secure and maintain the display. The defendant Waban filed this motion to implead Huffy in a third party action for the purposes of indemnification and/or contribution. The motion alleges that Huffy's negligent installation of the display on the defendant's premises was the proximate cause of the plaintiff's injuries. It should be noted the this motion was granted by this court in error which action was subsequently vacated so that the parties could appear for the purposes of oral argument which was heard on April 22, 1996.
Connecticut General Statutes § 52-102a provides
A defendant in any civil action may move the CT Page 4255-CCCC court for permission as a third-party plaintiff to serve a writ, summons and complaint upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. The motion may be filed at any time before trial and permission may be granted by the court if, in its discretion, it deems that the granting of the motion will not unduly delay the trial of the action nor work an injustice upon the plaintiff or the party sought to be impleaded.
The provisions of Section 52-102a are not mandatory but discretionary on the trial court." Cupina v. Bernklau,17 Conn. App. 159, 164, 551 A.2d 37 (1988). "An impleading party has the burden of alleging facts sufficient to bring an action within the requirements of the statute. . . . As a fundamental and threshold requirement, a third party plaintiff must allegethat the third party defendant is or may be liable to the thirdparty plaintiff for all or part of the plaintiff's claim againsthim." (Citations omitted; emphasis added.) Commissioner v.Lake Phipps Land Owners Corp., 3 Conn. App. 100, 102,485 A.2d 580 (1985).
Our Appellate Court has held that a third party complaint must allege that the third party defendant is or may be liable to the third party plaintiff, rather than to the plaintiff in the primary action. Commissioner v. Lake Phipps, supra, 3 Conn. App. 102. In Lake Phipps, the complaint contained the following allegations regarding the liability of the third party defendant:
 [T]he City of West Haven [the third party defendant] is or may be liable to the plaintiff for all or part of the plaintiff's claim against the third party plaintiff.
Id. The court stated that the complaint should have, instead, alleged the following:
 [T]hat the city of West Haven is or may be liable to the third party plaintiff corporation, not the plaintiff Commissioner.
Id. The appellate court affirmed the action of the trial court in dismissing the action since the third party plaintiff failed to allege that the third party defendant was liable to it which CT Page 4255-DDDD is a necessary element under 52-102a.
The defendant/third party plaintiff (Waban) has not alleged in its proposed third party complaint that Huffy, the proposed third party defendant is liable to it, Waban. Even in its Motion to Implead the defendant/first party plaintiff Waban asserts that third party defendant is liable to the primary plaintiff. In that motion paragraph 10 Waban states:
 10. Accordingly, because Huffy Service First, Inc., which is or may be liable to the plaintiff for all or part of the Plaintiff's claims, the Defendant asserts that the joinder of Huffy Service First as a third party defendant is necessary for a complete determination of liability and damages in this case.
 Wherefore, the defendant, B.J.'s Wholesale Club, Inc., moves for permission to implead Huffy Service First, inc for purposes of apportionment and/or indemnification.
(Emphasis added.).
In order to implead a third party under Section 52-102a, it is necessary to allege that the third party defendant is or may be liable to the third party plaintiff, that is in the clear language of the statute as was affirmed in Lake Phipps, supra. The third party plaintiff has not made these allegations and therefore the court will deny its motion to implead.
PELLEGRINO, J.