[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Dr. Martin Ross, filed a complaint against the defendants, Banu Malekzadeh and her son, Jouseff Malekzadeh, to recover approximately $4,000 for the medical care and treatment he had rendered to Banu Malekzadeh at Norwalk Hospital in late 1992 and early 1993. Banu Malekzadeh was granted Medicaid retroactively to the time of her surgery, but Dr. Ross does not accept Medicaid as a form of payment and refused to submit a claim to Medicaid to recover the costs of Banu Malekzadeh's surgery. Dr. Ross is not a staff employee of Norwalk Hospital, but rather is a private physician who is allowed the use of the hospital's facilities. Banu Malekzadeh argues that Dr. Ross had an obligation pursuant to General Statutes § 20-14k[1] to inform his patients of his policy on accepting Medicaid patients prior to rendering medical services to them.
Pursuant to General Statutes § 52-102a the defendants, as third party plaintiffs, impleaded Norwalk Hospital as a third party defendant. Their complaint against Norwalk Hospital, which is dated December 15, 1995, alleges that Norwalk Hospital is responsible for paying Dr. Ross' medical bill because Banu Malekzadeh was accepted by the defendant hospital as a Medicaid patient.
Norwalk Hospital then filed a motion (#124) to strike the third party complaint on the ground that it failed to state a claim upon which relief may be granted. "The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the CT Page 8347 plaintiff." (Internal quotation marks omitted.) NovametrixMedical Systems v. BOC Group, Inc., 224 Conn. 210, 214-215,618 A.2d 25 (1992). "This includes the facts necessarily implied and fairly provable under the allegations . . . It does not include, however, the legal conclusions or opinions stated in the complaint . . ." S.M.S. Textile v. Brown, Jacobson, Tillinghast,Lahan and King, P.C., 32 Conn. App. 786, 796, 631 A.2d 340
(1983). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems v. BOC Group, Inc., supra,224 Conn. 215.
The third party plaintiffs argue that Norwalk Hospital is liable to them because it had a duty, implied or actual, to inform Dr. Ross that Banu Malekzadeh was covered by Medicaid at the time of her surgery. The third party plaintiffs submit that Norwalk Hospital's duty to inform her did not arise out of common law, but out of a statute. 42 U.S.C.S. § 1936, a codification of Title XIX of the Social Security Act, outlines the provisions of Medicaid, but it does not mention any "duty" that a hospital allegedly has to inform a patient's physician of the patient's status as a Medicaid recipient. In addition, the third party plaintiffs cite to General Statute § 20-14k which requires a doctor to inform his patient of his policy on accepting patients on Medicaid. Neither 42 U.S.C.S. § 1936 nor § 20-14
support the third party plaintiffs' allegation that Norwalk Hospital has a duty to inform private physicians such as the plaintiff that the hospital's patients are covered by Medicaid.
The third party plaintiffs also contend that Norwalk Hospital failed to notify Banu Malekzadeh of its policy on Medicaid and did not inform her that the hospital would supply the services of a surgeon under the Medicaid plan. Practice Book § 109A provides that "[w]hen any claim made in a complaint . . . is grounded on a statute, the statute shall be specifically identified by its number." Furthermore, because "[a]n impleading party has the burden of alleging facts sufficient to bring an action within the requirements of the statute," Senior v. Hope,156 Conn. 92, 98, 239 A.2d 486 (1968), citing Commissioner v.Lake Phipps Land Owners Corp., 3 Conn. App. 100, 102,485 A.2d 580, 282 (1985), the third party plaintiffs must specifically cite to the relevant statute which purports to hold Norwalk Hospital liable to Banu Malekzadeh.
Because the third party plaintiffs did not cite to a specific CT Page 8348 statute in their complaint against the Norwalk Hospital, and because they failed to allege a cognizable duty, the allegations do not state a claim upon which relief may be granted. Therefore, the third party defendant's motion to strike the third party complaint is granted.
So Ordered.
Dated at Stamford, Connecticut, this 31st day of October, 1996.
William B. Lewis, Judge