[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
On July 14, 1997, the court (Karazin, J.) granted the defendants' motion to implead the third party defendants, Denise Toth and Stephen O'Shea. The defendants, Strottman International, Inc. and Dryden Petisi Promotions, LLC, stated in their motion that the motion was being made pursuant to Practice Book § 117.
On August 7, 1997, the defendants filed a third party complaint against the third party defendants. The third party defendants have filed a motion to strike this complaint on the ground that "it is insufficient as a matter of law because it does not state a claim for indemnity or contribution." The defendants/third party plaintiffs have filed a memorandum in opposition to the motion.
"The proper method to challenge the legal sufficiency of a complaint is to make a motion to strike prior to trial." Gulackv. Gulack, 30 Conn. App. 305, 309, 620 A.2d 181 (1993). The role of the trial court is "to examine the [complaint] construed in favor of the [plaintiff], to determine whether the [plaintiff has] stated a legally sufficient cause of action." Napoletano v.Cigna Healthcare of Connecticut, Inc., 238 Conn. 216, 232-33,680 A.2d 127 (1996), cert. denied, ___ U.S. ___, 117 S.Ct. 1106,137 L.Ed.2d 308 (1997).
General Statutes § 52-102a and Practice Book § 117 state in relevant part: "A defendant in any civil action may move the court for permission as a third party plaintiff to serve a writ, summons and complaint upon a person not a party to the action who is or may be liable to him for all or part of theplaintiff's claim against him." (Emphasis added.)
"An impleading party has the burden of alleging facts sufficient to bring an action within the requirements of the statute. . . . As a fundamental and threshold requirement, a third party plaintiff must allege that the third party defendant is or may be liable to the third party plaintiff for all or part of the plaintiff's claim against him." Commissioner v. LakePhipps Land Owners Corp., 3 Conn. App. 100, 102, 485 A.2d 580
CT Page 831 (1985).
In the present case, the defendants/third party plaintiffs have failed to allege that the third party defendants may be liable to the defendants for all or part of the plaintiffs' claim against them.
The defendants argue that General Statutes § 52-110 and Practice Book § 102, when viewed in conjunction with General Statutes § 52-102a and Practice Book § 117, somehow "reflect that the legislature and the courts intended to provide alternate bases for impleading third parties."[1] The defendants, however, do not cite to, and the court cannot find controlling authority to support their argument.
General Statutes § 52-102a, Practice Book § 117, and the holding of the court in; Lake Phipps all indicate that alleging "that the third party defendant is or may be liable to the third party plaintiff for all or part of the plaintiff's claim against him" is a condition precedent to bringing an impleader action under those sections.
Finally, the defendants state, in a footnote without discussion, that Judge Karazin's granting of their motion to implead the third-party defendants "raises the issue" of the doctrine of "the law of the case."
"The law of the case is not written in stone but is a flexible principle of many facets adaptable to the exigencies of the different situations in which it may be invoked. . . . In essence it expresses the practice of judges generally to refuse to reopen what has been decided and is not a limitation on their power. . . . Where a matter has previously been ruled upon interlocutorily, the court in a subsequent proceeding in the case may treat that decision as the law of the case, if it is of the opinion that the issue was correctly decided, in the absence of some new or overriding circumstance." Breen v. Phelps,186 Conn. 86, 99, 439 A.2d 1066 (1982).
The doctrine of "the law of the case" is inapplicable to the motion before the court. Judge Karazin previously granted the defendants' motion to implead. Judge Karazin did not rule, however, on the legal sufficiency of the defendants' third party complaint. This court's ruling will have no effect on Judge Karazin's decision. Rather, this court is ruling on the legal CT Page 832 sufficiency of the pleading which was filed pursuant to Judge Karazin's order.
The third party complaint is legally insufficient. Therefore, the third party defendants' motion to strike the defendants' complaint is granted.
D'ANDREA, J.