[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON APPORTIONMENT DEFENDANTS' MOTION TO DISMISS
The apportionment defendants have moved to dismiss the second count of the apportionment complaint on the ground that the allegations do not arise out of the cause of action set forth in the first-party plaintiffs' complaint and are not a proper basis for an apportionment complaint. They assert that because the apportionment complaint is without merit the court lacks subject matter jurisdiction to consider it.
In the first-party complaint, Ashley Williamson and her mother, Cheryl Williamson ["Williamsons"], brought an action alleging, in part, negligence and negligence per se, and seeking damages for injuries Ashley allegedly sustained due to her exposure to lead-based paint when she resided at 24 Knapp Street, Norwalk, property owned by the first party defendants Lucy Adante and Josephine Boccanfuso. Subsequently, Adante filed an apportionment complaint against the moving apportionment defendants Joseph P. Vento, Dominick Vento, Angela V. Akhundzadeh, and Kathy Jane Bari, owners of property located at 12 Broad Street, Norwalk. The apportionment complaint alleged, in the second count, that the Williamsons lived at Broad Street prior to moving to Knapp Street, that the Broad Street premises contained chipping, peeling and flaking lead-based paint and that the Williamsons injuries and damages were caused in whole or in part by the common law and statutory negligence of the apportionment defendants.[1]
Adante correctly argues that the issues raised by the apportionment defendants are not jurisdictional and not the proper basis for a motion to dismiss. There can be no doubt that the Superior Court has jurisdiction over claims of negligence, as alleged in both the first-party and apportionment complaints. However, in the interests of expediency, the court may treat the motion to dismiss as a motion to strike. See Commissioner ofEnvironmental Protection v. Lake Phipps Land Owners Corporation, CT Page 132823 Conn. App. 100, 102 n. 2, 485 A.2d 580 (1985).
"The function of a motion to strike is to test the legal sufficiency of a pleading; it admits all facts well pleaded. See Practice Book § 152. The role of the trial court [is] to examine. the [complaint], construed in favor of the plaintiffs, to determine whether the [pleading party has] stated a legally sufficient cause of action." Napoletano v. CIGNA Healthcare ofConnecticut. Inc., 238 Conn. 216, 232-33, 680 A.2d 127 (1996). "`Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. Waters v.Autuori, 236 Conn. 820, 826, 676 A.2d 357 (1996). Moreover, we note that [w]hat is necessarily implied [in an allegation] need not be expressly alleged. Clohessy v. Bachelor, 237 Conn. 31, 33
n. 4, 67S A.2d 852 (1996). (Internal quotation marks omitted.)Knight v. F. L. Roberts Co., 241 Conn. 466, 470-71,696 A.2d 1249 (1997)." Pamela B. v. Ment, 244 Conn. 296, 308,709 A.2d 1089 (1998). Therefore, the only issue before the court is whether the allegations of the apportionment complaint support an apportionment claim against the apportionment defendants.
Section 52-102b(f) "unambiguously provides that a defendant may implead apportionment defendants under § 52-102b only if they are liable on a negligence basis pursuant to § 52-572h."Paul v. McPhee Electrical Contractors, 46 Conn. App. 18, 21,698 A.2d 354 (1997). The apportionment complaint, on its face, only sets forth claims of negligence against the apportionment defendants. As the first party complaint also sounds in negligence, in part, the apportionment complaint falls squarely within the framework of General Statutes § 52-572h(c).
The apportionment defendants maintain, however, that the apportionment allegations do not arise out of the same cause of action set forth in the first-party complaint against them. Essentially, the apportionment defendants are claiming misjoinder of parties.
In Rivera v. Ingenito, Superior Court, Judicial District of Hartford-New Britain at New Britain, Docket No. 479186 (September 29, 1997, Lager, J.) (20 CONN. L. RPTR. 454) this court took a liberal view of joining prior and successive landlords in a single case alleging exposure to lead-based paint stating: "In cases where there has been successive exposure to lead-based paint, it would be unduly burdensome to the effective administration of justice to require the filing, and subsequent CT Page 13283 separate trial, of individual cases against each landlord, with prior or subsequent landlords added for apportionment purposes only." In reaching this conclusion, this court recognized that in cases claiming damages from exposure to lead-based paint "it can be reasonably anticipated that prior or subsequent landlords will be cited . . . for apportionment . . . as negligence is typically alleged as a ground for recovery."[2]
Although the first-party complaint alleges that the minor plaintiff was first diagnosed with an elevated blood lead level on June 15, 1995, a time when she was allegedly residing in Adante's premises, an elevated blood lead level alone does not necessarily mean that Adante's negligence was the sole source of the minor's exposure to lead and any resulting personal injuries. See Rodriguez v. Housing Authority, 45 Conn. Sup. 136, 141,702 A.2d 417 (1997). A determination of those issues requires the consideration of facts not before this court at this time.
Accordingly, based on the policy reasons articulated inRivera v. Ingenito, the court concludes that Adante properly brought an apportionment complaint against the apportionment defendants and that the complaint's allegations support claims of negligence. The motion to dismiss, deemed a motion to strike, is denied.
LINDA K. LAGER, JUDGE