[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 FACTS
On August 16, 1999, the plaintiff, Marcella Gavigan, filed a one count complaint against the defendant, Country Manor Health Care Center, alleging that the plaintiff incurred numerous injuries as a result of the defendant's negligent care and treatment of her at its nursing home in Prospect, Connecticut. Country Manor Health Care Center submitted its answer and special defenses, dated December 3, 1999, denying any negligence. On May 22, 2000, Country Manor Health Care Center filed a motion to implead Professional Relief Nurses, Inc., pursuant to General Statutes § 52-102 (a), which this court, Holzberg, J., granted on July 11, 2000. Thereafter, Country Manor Health Care Center filed a third-party complaint against the third-party defendant, Professional Relief Nurses, Inc., seeking indemnification and alleging that the third-party defendant is the party that negligently caused the plaintiff's injuries. On September 22, 2000, the third-party defendant filed a motion to strike the third-party complaint on the ground that it fails to allege that the third-party defendant is liable to the third-party plaintiff, pursuant to General Statutes § 52-102 (a). The third-party plaintiff then filed an objection to the motion, arguing that it had adequately alleged a cause of action for common law indemnification.
 DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Peter-Michael,Inc. v. Sea Shell Associates, 244 Conn. 269, 270-71, 709 A.2d 558
(1999). "A motion to strike admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Internal quotation marks omitted.) Faulkner v. UnitedTechnologies Corp., 240 Conn. 576, 588, 693 A.2d 293 (1997). "Moreover . . . [w]hat is necessarily implied [in an allegation] need not be expressly alleged." (Internal quotation marks omitted.) Lombard v. EdwardJ. Peters, Jr., P.C., 252 Conn. 623, 626, 749 A.2d 630 (2000)
"In an action for indemnity, as distinguished from an action for CT Page 3780 contribution, one tortfeasor seeks to impose total liability upon another [tortfeasor]. The doctrines of indemnification and contribution are based on fundamentally different principles. [I]ndemnity involves a claim for reimbursement in full from one on whom a primary liability is claimed to rest, while contribution involves a claim for reimbursement of a share of a payment necessarily made by the claimant which equitably should have been paid in part by others." (Internal quotation marks omitted.)Skuzinski v. Bouchard Fuels, Inc., 240 Conn. 694, 697-98 n. 3, 694 A.2d 788
(1997).
"Ordinarily there is no right of indemnity or contribution between joint tortfeasors. . . . Where, however, one of the defendants is in control of the situation and his negligence alone is the direct immediate cause of the injury and the other defendant does not know of the fault, has no reason to anticipate it and may reasonably rely upon the former not to commit a wrong, it is only justice that the former should bear the burden of damages due to the injury. . . . Under the circumstances described, we have distinguished between `active or primary negligence,' and `passive or secondary negligence.'. . . Indemnity shifts the impact of liability from passive joint tortfeasors to active ones." (Internal quotation marks omitted.) Crotta v. Home Depot, Inc., 249 Conn. 634,642, 732 A.2d 767 (1999); Burkert v. Petrol Plus of Naugatuck, Inc.,216 Conn. 65, 74, 579 A.2d 26 (1990); Kyrtatas v. Stop Shop, Inc.,205 Conn. 694, 697-98, 535 A.2d 357 (1988). "Thus, the common-law doctrine of indemnification permits a tortfeasor to assert a claim only against another liable tortfeasor." Crotta v. Home Depot, Inc., supra,249 Conn. 642.
"[A] party is entitled to indemnification, in the absence of a contract to indemnify, only upon proving that the party against whom indemnification is sought either dishonored a contractual provision or engaged in some tortious conduct." Burkert v. Petrol Plus of Naugatuck,Inc., supra, 216 Conn. 74. In an indemnity cause of action, a third-party plaintiff must allege facts sufficient to establish four elements. "These elements are: (1) that the other tortfeasor was negligent; (2) that [that] negligence, rather than [the third-party plaintiff's], was the direct, immediate cause of the accident and injuries; (3) that [the other tortfeasor] was in control of the situation to the exclusion of [the third-party plaintiff]; and (4) that [the third-party plaintiff] did not know of such negligence, had no reason to anticipate it, and could reasonably rely on the other tortfeasor not to be negligent." (Internal quotation marks omitted.) Skuzinski v. Bouchard Fuels, Inc., supra,240 Conn. 698. According to our Supreme Court, "outside the context of workers' compensation law, [a third-party plaintiff] need not establish the existence of an independent legal relationship between itself and the alleged indemnitor as a condition for recovery on the basis of a common CT Page 3781 law claim for indemnity." Id., 702.
In this case, the third-party plaintiff has sufficiently alleged a cause of action for common law indemnification. Specifically, the third-party plaintiff alleges that the third-party defendant assumed the care of the plaintiff to the exclusion of the third-party plaintiff, that the third-party defendant negligently cared for the plaintiff, directly causing her injury, and that the third-party defendant had no reason to know or foresee that the third-party defendant would act negligently.
The third-party plaintiff has failed, however, to allege facts required by the impleader statute, § 52-102 (a). Section 52-102 (a) provides that: "A defendant in any civil action may move the court for permission as a third-party plaintiff to serve a writ, summons and complaint upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him." In a third-party complaint, "[a]n impleading party has the burden of alleging facts sufficient to bring an action within the requirements of the statute. . . . As a fundamental and threshold requirement, a third-party plaintiff must allege that the third-party defendant is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against him." (Citation omitted.) Commissioner v. Lake Phipps Land OwnersCorporation, 3 Conn. App. 100, 102, 485 A.2d 580 (1985).
Here, the third-party plaintiff has failed to allege that the third-party defendant is liable to it in any way. In order to implead a nonparty for common law indemnification action, the third-party plaintiff must allege that the third-party defendant is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim, in addition to alleging the four elements of common law indemnification. SeeRivera v. Ferreri, Superior Court, judicial district of New Britain at New Britain, Docket No. 482913 (August 25, 1999, Robinson, J.); GreatSpring Water v. Chadburn, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 155158 (August 24, 1998, Lewis,J.); Beverage v. Every, Superior Court, judicial district of Litchfield, Docket No. 070898 (November 12, 1997, Picket, S.J.R.); Sherman v. Waban,Inc., Superior Court, judicial district of Waterbury, Docket No. 123630 (May 30, 1996, Pellegrino, J.); Roundtree v. A.M. Manufacturing Co., Superior Court, judicial district of New Haven at New Haven, Docket No. 338331 (May 17, 1994, Hodgson, J.).
Because the third-party plaintiff has not alleged that the third-party defendant is liable to the third-party plaintiff for any or all of the plaintiff's claim, the motion to strike is granted.
CHASE T. ROGERS, J. CT Page 3782