[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On March 4, 1994, the plaintiff, Lynn Hajjar, filed this third party work place personal injury action against the defendant, Frederick L. Bultman, Inc. d/b/a Bultman East ("Bultman"). The complaint alleges the following facts.
On September 24, 1992, Hajjar, in the course of her employment with New England Carpet Center, Inc. ("New England Carpet"), assisted a gentleman named Bernie, an employee of Bultman, in unloading a delivery of carpeting at New England Carpet's facility in Brookfield. Pursuant to an agreement between Bultman and New England Carpet, Bultman had an obligation to unload the carpeting at New England Carpet's facility. Bernie used a forklift provided by New England Carpet to remove the rolls of carpeting from his truck. While unloading the carpeting, the forklift became stuck in the mud. Bernie requested that Hajjar assist him in freeing the forklift from the muck. Bernie, Hajjar alleges, instructed her to position a piece of cardboard under the drive wheels of the forklift in order to spin the machine out of the mud. Bernie gunned the motor while Hajjar held the cardboard under the forklift. When the cardboard came in contact with the spinning wheels, Hajjar's hand was pulled under the wheels and Hajjar sustained serious disfigurement. Hajjar received workers' compensation benefits for her injuries. Hajjar alleges that Bultman, based on the principles of respondeat superior, acted negligently in connection with the operation of the forklift, proximately causing Hajjar's pain, suffering and damages.
On September 21, 1994, Bultman filed a motion for permission to file a third party complaint against New England Carpet accompanied by the proposed third party complaint and a memorandum of law in support of its motion. On December 12, 1994, Bultman filed a replacement complaint which contains allegations in addition to those present in the September 12 pleading.[1]
Therein, Bultman alleges that New England Carpet is liable to indemnify it for any damages which Bultman becomes legally obliged to pay Hajjar based on the doctrine of active/passive CT Page 1348 indemnification.
To support the active/passive theory, Bultman alleges that: (1) New England Carpet negligently maintained the forklift and its business premises; (2) New England Carpet's negligence directly and primarily caused Hajjar's injuries; (3) New England Carpet exclusively controlled the situation; (4) Bultman could not have anticipated New England Carpet's negligence; and (5) an independent legal relationship existed between Bultman and New England Carpet as a result of their business invitee and vendor/vendee dealings.
On November 10, 1994, Hajjar, relying on Ferryman v. Groton,212 Conn. 138, 146, 561 A.2d 432 (1989), filed an objection to Bultman's proposed impleader complaint. Hajjar argues that Bultman's third party complaint could not allege facts sufficient to support an independent legal relationship between Bultman and New England Carpet and, therefore, under Ferryman, New England Carpet is immune from suit pursuant to the exclusive remedy provisions of General Statutes, Sec. 31-284. Hajjar contends thatFerryman mandates that the motion for permission to file a third party complaint be denied.
Practice Book, Sec. 117 and General Statutes, Sec. 52-102a(a) provide, in pertinent part, that: "[a] defendant in any civil action may move the court for permission as a third-party plaintiff to serve a writ, summons and complaint upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. The motion may be filed any time before trial and permission may be granted by the court if, in its discretion, it deems that the granting of the motion will not unduly delay the trial of the action nor work an injustice upon the plaintiff or the party sought to be impleaded."[2] General Statutes, Sec. 52-102a(a).
A claim for indemnification is appropriately brought pursuant to Practice Book, Sec. 117 and General Statutes, Sec. 52-102a.Malerba v. Cessna Aircraft Co., 210 Conn. 189, 196, 554 A.2d 287
(1989). Pursuant to section 52-102a, "[t]he defendant . . . [does] not have a statutory right to implead a third party; the statute commits the decision of such motions to the sound discretion of the trial court." (Emphasis in original.) Cupina v.Bernklau, 17 Conn. App. 159, 164, 551 A.2d 37 (1988).
"`The object of the [impleader] rule . . . [is] to facilitate CT Page 1349 litigation, to save costs, to bring all of the litigants into one proceeding, and to dispose of an entire matter without the expense of many suits and many trials . . . .' [Citations omitted]." Beaudoin v. Town Oil Company, Inc., 207 Conn. 575,588, 542 A.2d 1124 (1988). "If litigants ignore the benefits of the impleader statute and courts refuse to encourage its use, the goal of efficient administration of justice will be injured." Id., 589.
Indemnification is "a claim for reimbursement in full from one on whom a primary liability is claimed to rest. . . ."Kyrtatas v. Stop Shop, Inc., 205 Conn. 694, 701, 535 A.2d 357
(1988). "[A] party is entitled to indemnification, in the absence of a contract to indemnify, only upon proving that the party against whom indemnification is sought either dishonored a contractual provision or engaged in some tortious conduct."Burkert v. Petrol Plus of Naugatuck, Inc., 216 Conn. 65, 74,579 A.2d 26 (1990), citing Kaplan v. Merberg Wrecking Corporation,152 Conn. 405, 411, 207 A.2d 732 (1965).
"A party who is secondarily [or passively] negligent can obtain indemnification from another party whose negligence is primary [or active]." Immick v. Sears, Roebuck Co.,5 Conn. L. Rptr. 469 (Fuller, J.), citing Weintraub v. Richard Dahn, Inc.,188 Conn. 570, 573, 452 A.2d 117 (1982) and Kaplan v. MerbergWrecking Corporation, supra, 415. Active/passive indemnification "is an exception to the general rule that there is no right of indemnification among joint tortfeasors." Id., citing Ferryman v. Groton, supra, 142-43.
"When the third party, in a suit by the employee, seeks recovery over against a contributorily negligent employer . . . [indemnification] is ordinarily denied on the ground that the employer cannot be said to be jointly liable in tort to the employee because of the operation of the exclusive-remedy clause [of General Statutes, Sec. 31-284]. But if the employer can be said to have breached an independent duty toward the third party, or if there is a basis for finding an implied promise of indemnity, recovery in the form of indemnity may be allowed.'"Ferryman v. Groton, supra, 144-45, citing 2A A. Larson, Workmen's Compensation Law, Sec. 76.
In order for a third party plaintiff to successfully avoid the exclusive remedy clause in an action against the employer for indemnification, the following essential elements must be proved: CT Page 1350 (1) the employer must have been negligent; (2) its negligence rather than another's was the direct and immediate cause of injury; (3) the employer had exclusive control over the situation; (4) the negligent party seeking indemnification did not know of the employer's negligence, had no reason to anticipate it and could reasonably have relied on the employer to act without negligence; and (5) there must be an independent legal relationship between the employer and the third party plaintiff giving rise to a special duty. Atkinson v. Berloni,23 Conn. App. 325, 326-28, 580 A.2d 84 (1990).
There is no contention between the parties as to the first four elements of active/passive indemnification.[3] The only real dispute revolves around the fifth element, the requirement of an independent legal relationship between Bultman and New England Carpet.
Bultman argues that an independent legal relationship arises out of both the vendor/vendee dealings between Bultman and New England Carpet and the status of Bultman's employee Bernie as a business invitee on the premises of New England Carpet.[4]
Neither of these relationships are sufficient to satisfy the independent legal relationship requirements of Ferryman andAtkinson.
With respect to the business invitee relationship, Bultman argues that New England Carpet negligently maintained its premises and the forklift which ran over Hajjar.[5] "`Negligence is a breach of duty.'" Petriello v. Kalman, 215 Conn. 377, 382,576 A.2d 474 (1990), quoting Urban v. Hartford Gas Co., 139 Conn. 301,304, 93 A.2d 292 (1952). "The existence of an independent legal duty between the indemnitor and the indemnitee is a question of law[;]" Shoenburger v. North Kendall Properties,Inc., 9 CSCR 615, 616 (May 11, 1994) (Leuba, J.); and "`[o]nly if such a duty is found to exist does the trier of fact then determine whether the [third party] defendant violated that duty in the particular situation at hand.'" Petriello v. Kalman, supra, 382-83, quoting Shore v. Stonington, 187 Conn. 147, 151-52,444 A.2d 1379 (1982).
To allow an indemnification claim to proceed in the present case the relationship between Bultman and New England Carpet "[cannot be] based upon any duty that . . . [New England Carpet] owed to . . . [Hajjar] but upon an entirely independent and separate duty [New England Carpet] owed to . . . [Bultman]." CT Page 1351Ferryman v. Groton, supra, 144, quoting Farm Bureau MutualAutomobile Ins. Co. v. Kohn Bros. Tobacco Co., 141 Conn. 539,544, 107 A.2d 406 (1954). Viewed from this perspective, the question presented is whether New England Carpet owed a duty to Bultman through some independent legal relationship between the two to indemnify Bultman in the event that Bultman is found to be liable to Hajjar. No such duty exists.
The only duty which New England Carpet could conceivably owe to Bultman is to maintain its premises in a reasonably safe condition since Bernie was a business invitee. See Gulycz v. Stop Shop Companies, Inc., 29 Conn. App. 519, 521, 615 A.2d 1087
(1992), citing Cruz v. Drezek, 175 Conn. 230, 234, 397 A.2d 1335
(1978). The scope of the duty owed to an invitee, however, is to avoid physical harm to the particular invitee, not to indemnify. See Restatement (Second) of Torts, Sec. 341A (1965) (emphasis supplied) (a possessor of land is subject to liability to his invitees for physical harm caused to them by his failure to carry on his activities with reasonable care for their safety); see also W. Prosser W. Keeton, Torts 425 (5th ed. 1984) (the occupier of land must use care to not physically injure the business visitor by negligent activities).
The scope of the relationship between New England Carpet and Bultman does not give rise to any implied obligations to indemnify. The legal duty imposed upon New England Carpet is solely to maintain its premises in a reasonably safe fashion to avoid physical injury to invitees.[6] The invitee, Bernie, has not alleged that he suffered any physical injuries while on New England Carpet's premises.
Therefore, "[New England Carpet] did not assume a special duty toward . . . [Bultman], other than the general duty . . . to use reasonable care." Atkinson v. Berloni, supra, 330. Such a duty is insufficient to give rise to the doctrine of active/passive indemnification. Id., 329-30. "To allow a claim for indemnity between joint tortfeasors on the basis of such a duty would be to allow the exception to swallow the rule." Id., 330.
Based on the foregoing, the court denies Bultman's motion for permission to implead New England Carpet. CT Page 1352