[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
These are two asset forfeiture proceedings commenced by the state pursuant to Sec. 54-36h of the General Statutes. The facts underlying both files are essentially identical, and, accordingly, the motions to dismiss will be treated similarly. On September 22, 1992, the court (Moraghan, J.) ordered seizure of property known as "The Store," located at 77-79 Lake Avenue, Danbury, Connecticut, upon an application by Detective John CT Page 9172 Merullo of the Danbury Police Department.[1] On the same day, the court ordered seizure of property known as "Abe's Seafood and Steak House," located at 83 Lake Avenue in Danbury.[2] The application for seizure followed the arrests of Conrad Haddad and Abraham Haddad on charges of possession and sale of narcotics on July 2, 1992.
On September 23, 1992, following the seizure of the properties, the state commenced both these actions by filing two petitions for forfeiture of the properties pursuant to Sec.54-36h. The petitions allege that the properties were used in connection with the sale of narcotics in violation of various provisions of the General Statutes. The petitions, which are essentially identical, listed three "interested persons" for forfeiture purposes: Conrad Haddad, Abraham Haddad and People's Bank. Although not listed as an interested person, the detective's affidavit in each case reported that a title search of the subject premises revealed that the record owner of the property was C.A.G., Inc. (C.A.G.).[3] The court (West, J.) found that Conrad Haddad, Abraham Haddad and People's Bank had a property interest in the premises and set the matter down for a hearing. Notice was to be given to the interested persons on or before December 7, 1992.
On December 9, 1992, the state filed a Notice of Seizure for Forfeiture, attesting that service had been made upon Conrad Haddad, Abraham Haddad and People's Bank, as well as on C.A.G.[4] On January 25, 1993, the law firm of Pinney, Payne, Van Lenten, Burrell, Wolfe Dillman, P.C., appeared in both actions for defendants Abraham Haddad and C.A.G. On April 10, 1995, C.A.G. filed an answer to the state's forfeiture petition in the 79 Lake Avenue action only in which it admitted that it is the owner of 79 Lake Avenue and, therefore, has an interest in the property.[5] In addition, numerous discovery requests and procedural motions were filed by C.A.G. through counsel.
On April 1, 1996, the state filed amended petitions for forfeiture in both actions which were essentially identical to the first petitions except that they specifically listed C.A.G. as an interested party on the cover sheet in addition to Conrad Haddad, Abraham Haddad and People's Bank. On April 2, 1996, the court (Mihalakos, J.) made a finding in both actions that all four persons and entities were owners and/or persons interested in the premises and set the matter down for a hearing on April 30, 1996. On June 12, 1996, the law firm of Pinney, Payne, Van CT Page 9173 Lenten, Burrell, Wolfe Dillman, P.C., entered a second appearance for C.A.G. On June 21, 1996, C.A.G. moved to dismiss both actions as against it on the ground that the court allegedly lacks subject matter and personal jurisdiction over it, and that process was insufficient to confer jurisdiction over it. In its memorandum in support of the motions, C.A.G. argues that: (1) the state failed to use the proper procedural vehicle for adding a party defendant; (2) a petition of forfeiture may not be amended, and even if a forfeiture petition may be amended, the state failed to properly amend the petition in this case; and (3) even if the state were allowed to amend its petition, the amended petition is barred by the statute of limitations.
In response, the state argues that: (1) it is not required to follow the procedure for citing in an additional party since it merely "named an additional owner of the premises"; (2) contrary to C.A.G.'s contention, it complied with the provisions of Sec.54-36h when filing the amended forfeiture petition; and (3) the amended forfeiture petitions are not barred by the ninety-day statute of limitations since they relate back to the filing of the original petitions. The state also argues that C.A.G. cannot claim prejudice since it has appeared in these actions since their inception.
A motion to dismiss is the proper vehicle to utilize in order to attack the subject matter jurisdiction of the court. Park CityHospital v. Commission on Hospitals Health Care, 210 Conn. 697,702. "Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong." (Citations omitted.) FederalDeposit Ins. Corp. v. Hillcrest Associates, 233 Conn. 153, 172. At least one court has held that failure to commence a forfeiture proceeding in accordance with Sec. 54-36h deprives the court of subject matter jurisdiction. State v. $1970, 43 Conn. Sup. 203,210.
In this case, the state did commence these forfeiture proceedings within the time period specified in § 54-36h; however, C.A.G. was not listed on the cover sheets as an owner or interested party. The defendant argues that the court is therefore deprived of subject matter jurisdiction over these forfeiture proceedings.
The crucial inquiry seems to be whether the forfeiture petitions were fatally defective because they did not name C.A.G. CT Page 9174 as an interested party on the cover sheets, or whether that defect was cured by the fact that C.A.G. was named in the body of the petitions as the owner of the premises and was in fact served with a copy of both petitions. The failure to name C.A.G. on the cover sheet is not a fatal jurisdictional defect since all the information that was necessary to put C.A.G. on notice that it was a claimant in these forfeiture actions was contained in the petitions which were, in fact, served upon C.A.G. through counsel. That failure to name C.A.G. does not affect this court's jurisdiction over the subject matter; if anything, it would affect the court's ability to exercise personal jurisdiction over C.A.G. To the extent that the defect implicated personal jurisdiction, C.A.G. waived the defect when it appeared in these actions through counsel and filed an answer, failing to contest jurisdiction within thirty days of their appearance in the action.
C.A.G. asserts that the proper way to add an interested party to the forfeiture petition is by a motion to cite in, pursuant to Sec. 52-107 of the General Statutes and Practice Book Sec. 99, and not by filing an amended forfeiture petition. However, counsel cites no cases in which a court has directed the proper method to amend a forfeiture petition, nor has the court's independent research revealed any cases so directing. The state, on the other hand, argues that since these are forfeiture proceedings — in rem actions against the property itself — C.A.G. isn't actually a party and the court does not need jurisdiction over it to render an in rem judgment. C.A.G. further argues that even if the state may amend its forfeiture petitions to name C.A.G. as an interested party, the amendment must be filed within the ninety-day time period specified in § 54-36h. Again, C.A.G. cites no authority for this position. In response, the state asserts that the amended petitions relate back to the date the original petitions were filed, making them timely.
In the absence of any controlling statutory or appellate authority dictating how a forfeiture petition may be amended to add additional owners or interested parties, the court is constrained to apply the principles governing civil actions. In a civil action, the plaintiff typically files a motion to cite in if he wishes to add a party defendant pursuant to Sec. 52-102 of the General Statutes.[6] In addition, the court may direct that a person be made a party if "a complete determination cannot be had without the presence of other parties." Section 52-107. As noted above, there is no statutory provision which directs how CT Page 9175 the state may amend a forfeiture petition to reflect additional owners or interested parties.
The court will treat the state's amended petition as a motion to cite in an additional party, since the court's permission was required before the amended petition could become effective.[7]
Indeed, the state obtained permission to add C.A.G. as an interested party when the court (Mihalakos, J.) found probable cause on April 2, 1996, that it did own both properties.
"`The decision whether to grant a motion for the addition of a party to pending legal proceedings rests generally in the sound discretion of the trial court.' Lettieri v. American SavingsBank, 182 Conn. 1, 13. In the exercise of that discretion, the trial court has taken into account the timeliness of the filing of the application, the possibility of prejudice to other parties, and whether the presence of the additional party will enable the court to make a complete determination of the issues.A. Secondino Sons, Inc. v. LoRicco, 19 Conn. App. 8, 14,561 A.2d 142 (1989)." Fokas v. Meehan, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 148911 (April 26, 1996, Karazin, J.).
Although the state certainly could have sought to name C.A.G. as an interested party more promptly, there has been no prejudice to C.A.G. since, to reiterate, it has, in fact, filed an appearance through counsel in both actions, has been actively involved in the proceedings since the inception of these actions and failed to challenge the court's personal jurisdiction over it until more than three years since the commencement of these proceedings.
C.A.G.'s motions to dismiss are, accordingly, dismissed in each of the actions.
Moraghan, J.