[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED AUGUST 18, 1997
On October 3, 1995, the plaintiff, Melissa Clark, filed a one-count complaint against The VIN Agency, Inc. and its employee, Tina Cortina. The complaint alleges that the defendants assisted the plaintiffs mother, Leora Clark, in procuring automobile insurance, and such a policy was issued to Leora Clark on August 7, 1992. This policy covered blood relatives of Leora Clark who lived with Leora Clark, including the plaintiff. The policy was in the amount of $25,000/$50,000 per accident on three vehicles. In July of 1993 Leora Clark sought to increase the coverage to $100,000/$300,000 per accident on each vehicle. The plaintiff alleges that the defendants were negligent in handling the request of the plaintiffs mother, Leora Clark, in that the defendants advised Leora Clark that the policies would be increased immediately, but in fact that increase did not occur until August 7, 1993, and in that the defendants failed to properly advise Leora Clark as to available options for increasing her automobile insurance coverage. On July 18, 1993, the plaintiff was involved in an automobile accident, in which CT Page 3178 she received severe injuries, the cost of which exceeds the coverage limits provided under Leora Clark's automobile policy.
On March 18, 1996, the defendant VIN Agency, Inc. (now known as Greystone Insurance Group, Ltd.) filed a two-count apportionment complaint, naming Leora Clark as a third-party defendant. Count one alleges that the losses sustained by the plaintiff were caused in part by the negligence of the Leora Clark (third party defendant), and seeks apportionment of liability between the defendant/third-party plaintiff and the third-party defendant pursuant to General Statutes § 52-572h. Count two alleges that the losses sustained by the plaintiff were directly and immediately caused by the negligent acts and omissions of the third-party defendant, and seeks indemnification from the third-party defendant for the costs of litigation and attorneys fees should the defendant/third-party plaintiff be found liable for such costs.
On May 7, 1997, the plaintiff filed a motion to strike count two of the apportionment complaint and ¶¶ 2, 3, and 4 of the prayer for relief on the ground that the allegations contained therein "are legally insufficient in an apportionment complaint scenario." The defendant/third-party plaintiff filed an objection to motion to strike on June 4, 1997. The plaintiff filed a supplemental memorandum of law in support of plaintiffs motion to strike, dated June 20, 1997.
"The function of the motion to strike is to test the legal sufficiency of a pleading . . . Napoletano v. Cigna Healthcare ofConnecticut, Inc., 238 Conn. 216, 232, 680 A.2d 127 (1996). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." Waters v.Autuori, 236 Conn. 820, 825, 676 A.2d 357 (1996).
It is the plaintiff who raises the issue of whether the defendant/third-party plaintiff may include a count seeking indemnification from the third-party defendant within a complaint which also seeks an apportionment of liability. The court finds that the plaintiff has standing to do so. "[T]he plaintiff has a right to challenge the sufficiency of the apportionment complaint because an apportionment defendant shall be treated as a party `for all purposes.' All purposes must, by its plain meaning, encompass the right of the plaintiff to challenge the pleadings of any party to the action. While it is true that the CT Page 3179 apportionment complaint is filed by a defendant against a nondefendant, who once served becomes a party, the statute treats such pleadings as the `equivalent in all respects to the writ, summons and complaint' of the original action, giving the plaintiff a real interest in its form and content. To hold otherwise would lead to absurd results." Catalan v. MachnikConstruction Co., Inc., Superior Court, judicial district of New London, Docket No. 535192 (March 8, 1996, Austin, J.) (16 CONN. L. RPTR. 285, 287).
The plaintiff argues that Public Acts 1995 No. 95- 111, which amended General Statutes § 52-572h, "only allows an Apportionment Complaint to demand an apportionment of liability and no other claims for relief." The plaintiff cites various passages from the legislative history of Public Act 95-111, which discuss the differences between an apportionment complaint and an impleader action. The plaintiff argues that only a claim for apportionment can be brought in an apportionment complaint, that the court must therefore strike those portions of the apportionment complaint seeking indemnification.
The defendant/third-party plaintiff argues thatPublic Act 95-111, when read as a whole, "appears to allow the inclusion of other claims for relief, in addition to apportionment of liability, subject to the Rules of Practice." The defendant/third-party plaintiff argues that the plaintiff's interpretation of Public Act 95-111 is exceedingly narrow, since the act includes language indicating that an apportionment defendant is a "party for all purposes," and that an apportionment complaint is "equivalent in all respects to an original complaint." The defendant also argues that the plaintiffs interpretation of Public Act 95-111 frustrates judicial economy, because it requires the defendant/third-party plaintiff to serve two complaints on the third-party defendant when only one complaint is necessary.
Public Act 95-111 is now codified at General Statutes §52-102b. Relevant parts of § 52-102b(a) include the following: "The person upon whom the apportionment complaint is served, hereinafter called the apportionment defendant, shall be a party for all purposes, including all purposes under §52-572h." Section 52-102b(b) states in pertinent part that "[t]he apportionment complaint shall be equivalent in all respects to an original writ, summons and complaint . . . The apportionment defendant shall have available to him all remedies available to CT Page 3180 an original defendant including the right to assert defenses, set-offs or counterclaims against any party." Section 52-102b(f) states: "This section shall be the exclusive means by which a defendant may add a person who is or may be liable pursuant to section 52-572h for a proportionate share of the plaintiffs damages as a party to the action."
There are two cases addressing the propriety of including indemnification claims in an apportionment complaint. In Hill v.Pathmark Stores, Inc., Superior Court, judicial district of Waterbury, Docket No. 129120 (February 11, 1997, Gill, J.) (19 CONN. L. RPTR. 108), the third-party plaintiff filed a third-party complaint alleging indemnification and apportionment. The third-party defendant sought to strike the claim for apportionment, on the grounds that since apportionment could only be sought under Public Act 95- 111, and since the third-party plaintiff (Pathmark) had not complied with the 120 day filing requirement thereunder, the apportionment claim should be stricken. Pathmark argued that since it was seeking both apportionment and indemnification, it properly impleaded the third-party defendant under § 52-102a of the General Statutes.
The court held that since third-party apportionment can only occur within an apportionment complaint brought underPublic Act 95-111, the motion to strike should be granted since more than 120 days had elapsed between the time Pathmark served the third-party defendant and the date of the original complaint. Yet in so holding, the court determined that "[t]he language of 95-111 simply does not expressly or implicitly limit its applicability to instances where a third-party defendant is being brought insolely for apportionment purposes." (Emphasis in original.) Id.,
109. Thus the court stated that "Public Act 95-111 is the sole means of adding a party to an action for apportionment purposes regardless of whether indemnification is also being sought by the third-party plaintiff." Id. This case may not be dispositive, however, because the court did not hold that only apportionment claims could be included within an apportionment complaint, but rather that any apportionment claim must be brought underPublic Act 95-111.
In Bradley v. Randall Superior Court, judicial district of Windham, Docket No. 052173 (April 8, 1996, Sferrazza, J.) (18 CONN. L. RPTR. 636), the issue was whether a municipality could be an apportionment defendant based upon an allegation of CT Page 3181 injuries caused by a defective highway.[1] The court held that the Town of Chaplin could not be so named, as General Statutes § 13a-149[2] did not apply, and granted its motion to strike it from the apportionment complaint. Although the case was based upon an application of § 13a-149 to the facts, the court's opinion also contained this explanation: "In addition, the indemnification count is inappropriate in an apportionment complaint. Public Act 95-111 § 1(a) indicates that a defendant to the main action may serve a writ, summons, and complaint upon a third party but only if that third party `is or may be liable' to the main plaintiff. In the indemnification count, the Randalls claim that the town is liable to them,
defendants to the main action." (Emphasis in original.) Id, 637.
It is not clear whether the third-party complaint should be considered an apportionment complaint, which also alleges indemnification, or as an indemnification complaint, also alleging apportionment. Because the parties refer to the third-party complaint as an apportionment complaint, it will be assumed for purposes of this memorandum that it is the former. The apportionment complaint here is directed at Leora Clark, and the allegations contained in count one, ¶ 11 state in pertinent part: "If the plaintiff, Melissa Clark, sustained the damages as alleged in her complaint, said damages were proximately caused by the negligent acts and omissions of Leora Clark . . ." Likewise, the second count, ¶ 12 states in pertinent part: "If the plaintiff, Melissa Clark, sustained the damages as alleged in her complaint, then those damages were directly and immediately caused by the negligent acts and omissions of the Third-party Defendant, Leora Clark . . ." However, the apportionment complaint at count two ¶ 17 states: "As a result of the aforesaid conduct of the Third-Party Defendant, she is or may be liable to the Third-party Plaintiff for all of the Plaintiff's claim against the Third-party Plaintiff."
Because in count two of the apportionment complaint the defendant/third-party plaintiff seeks indemnification from the third-party defendant based upon the third-party defendant's liability not to the plaintiff, but to itself, count two and the related portions of the prayer for relief of the apportionment complaint should be stricken. Such a conclusion is supported by the legislative history of Public Act 95-111, which indicates that bringing in a defendant for the purposes of apportionment is a separate action from impleading a defendant into the suit under General Statutes § 52-102a.[3] In addition, the purpose of CT Page 3182 this bill was to allow a plaintiff, after the expiration of the statute of limitations, to bring an action against a party subsequently named by the original defendant. The bill sought to clarify who was a party for purposes of apportionment. See 38 H.R. Proc., Pt. 9, 1995 Sess., pp. 3374-3275.
This interpretation is supported by the language of the statutes. General Statutes § 52-102a states in pertinent part: "A defendant in any civil action may move the court for permission as a third-party plaintiff to serve a writ, summons and complaint upon a person not a party to the action who is or may be liable to him for all or part of the plaintiffs claim against him." General Statutes § 52-102b states in pertinent part: "A defendant in any civil action to which section 52-572happlies may serve a writ, summons and complaint upon a person not a party to the action who is or may be liable pursuant to saidsection for a proportionate share of the plaintiffs damages inwhich case the demand for relief shall seek an apportionment ofliability." (Emphasis added.)
When reading the two statutes together, it becomes apparent that claims under each may not be brought within the same complaint. Impleading is accomplished with the permission of the court, while filing an apportionment complaint is done at the discretion of the defendant where allowed under § 52-572h. In addition, the impleading statute addresses the situation where the third-party defendant is or may be liable for all or part of the plaintiffs claim against the third-party plaintiff. The apportionment statute addresses only those situations where the third-party defendant is or may be liable for a proportionate share of the plaintiff's damages.
For the above reasons, the plaintiffs motion to strike count two and those prayers for relief of the defendant/third-party plaintiffs apportionment complaint referring to indemnification is granted, as such claims should not be raised within the context of an apportionment complaint.
SKOLNICK, J.