[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 FACTS
The plaintiff, James McManus, brings this action against Stop Shop Companies, Inc.; Alexander Moore, Ltd.; and J J Maintenance, returnable March 26, 1996.
The action arises out of a fall which occurred on February 28, 1994 at the Stop Shop Supermarket located on Route 7 in New Milford. CT Page 801
The plaintiff fell while he was delivering goods to the store.
On April 8, 1996, the defendant, Alexander Moore, Ltd., sought to implead East Side Floors, Inc. as a third party defendant, pursuant to §§ 52-102 and 52-102a of the Connecticut General Statutes.
The third party complaint contained three counts, and was returnable June 25, 1996.
Count one alleged a right of indemnification, based upon a contract between Alexander Moore, Ltd., and the proposed third party defendant, East Side Floors, Inc.
Count two sought indemnification based upon common law principles, while count three contained a claim for apportionment of damages against East Side Floors, Inc.
Service was effected on June 6, 1996, and the third party complaint was returned to court.
East Side Floors, Inc. failed to appear, and a default motion was filed on January 14, 1997.
The motion was denied based upon the service of process, and Alexander Moore Ltd. again made service upon East Side Floors, Inc., with a court ordered return date of November 18, 1997 (Memorandum of Decision, Moraghan, J., October 21, 1997).
Service of the "Apportionment/Third Party Complaint" dated November 11, 1997 was made on East Side Floor, Inc.'s statutory agent for service, and the complaint was returned to court.
In the interim, on January 28, 1997, the plaintiff filed an amended complaint, adding a count against East Side Floors, Inc.
On December 12, 1997, following the reserving of the three count complaint, East Side Floors, Inc. filed an appearance through counsel.
The firm of Halloran Sage has appeared on behalf of both the defendant/third party plaintiff, Alexander Moore, Ltd., and the third party defendant, East Side Floors, Inc. CT Page 802
The third party defendant moves for summary judgment on the plaintiff's January 28, 1997 amended complaint, claiming that the direct action is barred by the applicable statute of limitations, § 52-584 of the General Statutes.[1]
It further argues that the amended complaint is not timely under § 52-102b(d), which permits a plaintiff "within sixty days of the return date of the apportionment complaint" to assert a direct claim against the apportionment defendant.
Here, the return date of the reserved complaint was November 18, 1997, and that of the initial third party complaint was June 25, 1996.
The third party defendant argues that regardless of which return date is operable, the plaintiff did not assert a direct claim within sixty days of either June 25, 1996 or November 18, 1997.
The amended complaint, dated January 28, 1997, fell between the two return dates.
The third party defendant does not seek to attack the apportionment count of the third party complaint filed by the defendant/third party plaintiff, Alexander Moore, Ltd., dated November 11, 1997.
 SUMMARY JUDGMENT STANDARD OF REVIEW
In passing upon a motion for summary judgment, a trial court is limited to deciding whether a genuine issue of material fact exists. Batick v. Seymour, 186 Conn. 632, 647 (1982).
A trial court may appropriately render summary judgment when documentary and other evidence demonstrate that no genuine issue of material fact remains between the parties, and the moving party is entitled to judgment as a matter of law. Bartha v.Waterbury House Wrecking Co., 190 Conn. 8, 11 (1983); Daily v.New Britain Machine Co., 200 Conn. 562, 568 (1986).
Connecticut Practice Book § 17-49 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CT Page 803
Summary judgment may be granted where a claim is barred by the applicable statute of limitations. Doty v. Mucci,238 Conn. 800, 806 (1996).
The test to be applied to whether the party seeking summary judgment would be entitled to a directed verdict. United Oil Co.v. Urban Redevelopment Commission, 158 Conn. 364, 380 (1969).
 SECTION 52-102a(c) DOES NOT TOLL RUNNING OF STATUTE OF LIMITATIONS
The plaintiff argues that his claim is not time barred in light of the provisions of § 52-102a(c) of the General Statutes.
Section 52-102a(c) provides:
 The plaintiff, within twenty days after the third-party defendant appears in the action, may assert any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of the original complaint. . . .
Since East Side Floors, Inc. filed an appearance on December 11, 1997, and the plaintiff's amended complaint was filed on January 28, 1997, the complaint was not filed within twenty days of the appearance, but predated that appearance by ten months.
The January 28, 1997 complaint came eleven months after the expiration of the statute of limitations on February 28, 1996. Since the filing of a third party complaint by a defendant does not toll the running of the statute of limitations on a cause of action involving the plaintiff and a third party defendant;Vincent v. Litchfield Farms, Inc., 21 Conn. App. 524, 528 (1990); the plaintiff's complaint is time barred, even assuming compliance with the twenty day requirement of § 52-102a(c).
 APPORTIONMENT COMPLAINT DID NOT COMPLY WITH § 52-102b
Section 52-102b is the exclusive means by which a defendant may add a person who is or may be liable for a proportionate share of a plaintiff's damages in a negligence action. Section52-102b(f) of the Connecticut General Statutes. CT Page 804
That statutes requires, in subsection (a):
 A defendant in any civil action to which section 52-572h
applies may serve a writ, summons and complaint upon a person not a party to the action who is or may be liable pursuant to said section for a proportionate share of the plaintiff's damages in which case the demand for relief shall seek an apportionment of liability. Any such writ, summons and complaint, hereinafter called the apportionment complaint, shall be served within one hundred twenty days of the return date specified in the plaintiff's original complaint.
The plaintiff has a right to assert a claim against the apportionment defendant pursuant to subsection (d):
 Notwithstanding any applicable statute of limitation or repose, the plaintiff may, within sixty days of the return date of the apportionment complaint served pursuant to subsection (a) of this section, assert any claim against the apportionment defendant arising out of the transaction or occurrence which is the subject matter of the original complaint.
East Side Floors, Inc. contends that because the plaintiff did not assert any claim against it within sixty days of the return date in the apportionment complaint, its claim is barred by the applicable statute of limitations.
The plaintiff's amended complaint, dated January 29, 1997, is more than two years after the date of the occurrence, February 28, 1994.
The plaintiff avers that the apportionment complaint was never served on him, and therefore the sixty day window for filing a direct claim was not triggered.
Even if he is correct, and the apportionment complaint was not served on the plaintiff, that fact cannot avail him.
It is clear that the apportionment complaint of November 11, 1997 was not served within one hundred twenty days of the return date, March 26, 1996. CT Page 805
Because § 52-102b is clear and unambiguous, and sets forth the exclusive means for asserting an apportionment claim;Paul v. McPhee Electrical Contractors, 46 Conn. App. 18, 22
(1997); the apportionment complaint of the defendant, Alexander Moore, Ltd., must fail.
Furthermore, since the plaintiff's amended complaint seeks for the first time to assert a claim against East Side Floors, Inc., more than two years after the February 28, 1994 fall, that claim is barred by the provisions of § 52-584.
 APPORTIONMENT CLAIM NOT PROPERLY ASSERTED IN APRIL 8, 1996 COMPLAINT
The plaintiff's motion for permission to implead, dated April 8, 1996, cites § 52-102 and § 52-102a of the Connecticut General Statutes, and claims that East Side Floors, Inc. "may be liable to Alexander Moore, Ltd. for all or part of the plaintiff's claim against it."
Because § 52-102b is the exclusive statute by which an apportionment defendant may be brought into a case, it is a separate action from impleading a defendant into a suit under § 52-102a. The two claims should be asserted separately. Clark v. The Vin Agency, 20 Conn. L. Rptr. 286, Judicial District of Fairfield at Bridgeport, Docket No. 326940 (Skolnick, J.).
Although the body of the complaint contained a reference to apportionment against East Side Floors, Inc., neither the motion, nor the caption of the complaint make any reference to apportionment, or to 52-102b.
Therefore, any attempt to assert a claim for apportionment in the April 8, 1996 third party complaint cannot stand.
 APPORTIONMENT COMPLAINT OF ALEXANDER MOORE, LTD. MUST BE DISMISSED FOR LACK OF JURISDICTION
While the third party defendant, East Side Floors, Inc., has moved for summary judgment concerning the plaintiff's amended complaint, it has not sought to challenge or contest the apportionment complaint filed against it by the defendant/third party plaintiff, Alexander Moore, Ltd. CT Page 806
The failure of Alexander Moore Ltd. to assert rights of apportionment in accordance with § 52-102b, renders its apportionment complaint subject to dismissal, for want of jurisdiction. Witkin v. Schettino, 19 Conn. L. Rptr. 226, Judicial District of Stamford, Docket No. 149015 (D'Andrea, J.);Paul v. McPhee Electrical Contractors, supra, 22.
Lack of subject matter jurisdiction maybe raised at any time.Baldwin Piano Organ Co. v. Blake, 186 Conn. 295, 297 (1982). It may be noticed at any time and cannot be waived by the silence of the parties. Simmons v. State, 160 Conn. 492, 503 (1971).
A court may act on its own motion when a want of jurisdiction is brought to its attention. Park City Hospital v. Commission onHospitals Health Care, 14 Conn. App. 413, 417 (1988).
Because the failure to bring an apportionment complaint as mandated by § 52-102b deprives the court of subject matter jurisdiction, the apportionment complaint of the defendant/third party plaintiff, Alexander Moore, Ltd., must be dismissed.
 CLAIM FOR INDEMNIFICATION REMAINS
In its November 11, 1997 complaint, Alexander Moore, Ltd. sets forth two counts seeking indemnification against East Side Floors, Inc.
The first count claims that East Side Floors, Inc. was contractually obligated to provide a policy of insurance to Alexander Moore, Ltd., while count two involves a common law claim for indemnification.
The applicable statute of limitation does not bar a claim for indemnification. Indemnification actions are governed by §52-598a of the General Statutes, which provides:
 Notwithstanding any provision of this chapter, an action for indemnification may be brought within three years from the date of the determination of the action against the party which is seeking indemnification by either judgment or settlement.
To prevail in its common law claim, Alexander Moore, Ltd. CT Page 807 must accept the heavy burden of demonstrating four separate elements: (1) that East Side Floors, Inc. was negligent; (2) that its negligence rather than that of Alexander Moore, Ltd. was the direct, immediate cause of the fall and the resulting injuries; (3) that East Side Floors, Inc. was in control of the situation to the exclusion of Alexander Moore, Ltd.; and (4) that Alexander Moore, Ltd. did not know of the negligence of East Side Floors, Inc., had no reason to anticipate it, and could reasonably rely on East Side Floors, Inc. not to be negligent.Skuzinski v. Bouchard Fuels, Inc., 240 Conn. 694, 698 (1997);Kyrtatas v. Stop Shop, Inc., 205 Conn. 694, 698 (1988).
Even the most cursory review of the pleadings, demonstrates that the interests of East Side Floors, Inc. and those of Alexander Moore, Ltd. are clearly adverse in the indemnification action.
The motion for summary judgment of the third party plaintiff, East Side Floors, Inc., is granted.
The court, on its own motion, dismisses the apportionment complaint filed by the defendant/third party plaintiff, Alexander Moore, Ltd., while permitting the indemnification counts to remain.
Radcliffe, J.