[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Presently before the court are the defendant's motions to cite in an additional party and to disqualify. The following facts are relevant to the disposition of these motions. On September 3, 1997, Alyssa Rivera[1] (plaintiff) brought the current legal malpractice suit against the defendants, Louis D. Ferreri (Ferreri) and Rubenstein Sendy, L.L.C. (Rubenstein 
Sendy).[2] In her original and subsequently amended complaints, the plaintiff alleged that Ferreri and Rubenstein Sendy agreed CT Page 11853 to represent her in a personal injury claim against various defendants.[3]
Count one of the amended complaint alleged that Ferreri negligently represented "the plaintiff mother and minor plaintiff in that he failed to bring lawsuits on their behalf . . . within the applicable two-year statute of limitations as set forth in Connecticut General Statutes § 52-584, to the legal and financial detriment of the plaintiffs."[4] (Amended Compl. ¶ 18.) Count two realleged the foregoing allegations as against Rubenstein Sendy.
On July 28, 1998, Rubenstein Sendy filed an answer denying the allegations of legal malpractice contained in paragraph eighteen. Rubenstein Sendy further asserted two special defenses. The first special defense asserted that any failure of the plaintiff to recover in the underlying personal injury action "resulted in whole or in part from the negligence of the plaintiff or her legal representatives in that they failed to handle the underlying case with reasonable care and skill." (1st Special Def., 6/24/98.) In the second special defense, Rubenstein Sendy asserted that "the plaintiffs failed to mitigate damages in that they or their agents fraudulently took the underlying case from [Rubenstein Sendy] and intentionally lost [the case] for the purpose of preventing the pendency of or a successful result in the underlying case from serving as a bar to the maintenance of the instant case." (2nd Special Def., 6/24/98.)
On July 28, 1998, Rubenstein Sendy filed the motion to cite in Cella, McKeon Williams, P.C. (Cella, McKeon Williams) as party defendants which is presently before the court. Subsequently, on August 12, 1998, Rubenstein Sendy filed the motion to disqualify Cella, McKeon Williams from acting as plaintiff's counsel in the current action which is also presently before this court. The court will address Rubenstein Sendy's motion to cite in before proceeding to taking up the motion to disqualify.
 DISCUSSION
Rubenstein Sendy moved to cite in Cella, McKeon Williams as a third party defendant on the ground that the present case cannot be fully adjudicated without consideration of all the causal factors which led to the trial court's entry of summary judgment against the plaintiff, including the intentional or negligent conduct of Cella, McKeon Williams in losing the CT Page 11854 underlying action at the trial level. In a supporting memorandum of law, Rubenstein Sendy cited General Statutes § 52-107 as the basis for citing in additional parties and argued that the court cannot make a complete determination of the issues without litigating the question of whether the intervening actions of Cella, McKeon Williams caused the plaintiff's losses.
In response, the plaintiff objected to the motion to cite in on the grounds that the motion was procedurally improper, inappropriate and without basis, and not necessary for a complete determination of the present controversy. In a supporting memorandum of law, the plaintiff argued that the sole procedural vehicle for citing in another defendant in the present action is via the apportionment statute, General Statutes § 52-102b. The plaintiff further argued that no additional defendants are necessary to adjudicate the relevant issues because Rubenstein 
Sendy's statute of limitations argument is a question of law, not a question of fact.
On August 13, 1998, Rubenstein Sendy filed a response to the plaintiff's objection to the motion to cite in an additional defendant. It argued that § 52-102b does not apply because the present "action claims pecuniary loss rather than personal injury or property damage." (Def.'s Resp. Re Mot. To Cite In, 8/13/98, p. 2.) It further argued that because the alleged negligence of the proposed defendant did not occur until after the statutorily prescribed time period had expired, it would not have been able to bring an apportionment complaint even if it so desired. In a subsequently filed supplemental memorandum of law in support of the motion to cite in and the motion to disqualify, Rubenstein Sendy argued that the Connecticut Supreme Court's decision in Rivera v. Double A Transportation, Inc.,248 Conn. 21, 727 A.2d 204 (1999), requires Cella, McKeon Williams to enter the action as an indispensable third-party defendant.
Rubenstein Sendy's motion to cite in Cella, McKeon 
Williams is denied without prejudice for the foregoing reasons. The admission of new parties into an action comes within the broad discretion of the trial court. Washington Trust Co. v.Smith, 241 Conn. 734, 740, 699 A.2d 73 (1997); Horton v. Meskill,187 Conn, 187, 192, 445 A.2d 579 (1988); Investors Mortgage Co.v. Rodia, 31 Conn. App. 476, 480, 625 A.2d 833 (1993). "Factors to be considered include the timeliness of the application, the possibility of prejudice to the other party and whether the applicant's presence will enable the court to make a complete determination of the issues." A. Secondino Son, Inc. v.CT Page 11855LoRicco, 19 Conn. App. 8, 14, 561 A.2d 142 (1989); see alsoLettieri v. American Savings Bank, 182 Conn. 1, 13, 437 A.2d 822
(1980).
As a consequence of the haphazard nature of the party's pleadings, not to mention the possible impact of the Supreme Court's recent decision in Rivera v. Double A Transportation,Inc. on the parties' positions on the present motions, it is not fully clear to the court for what purposes Rubenstein Sendy now seeks to cite in Cella, McKeon Williams.
Aside from the lack of clarity as to the factual underpinnings of the motion to cite in, Rubenstein Sendy has failed to follow the necessary procedures for bringing in an additional party for the purposes of indemnification and apportionment.[5] General Statutes § 52-107, which Rubenstein Sendy cited in its accompanying memorandum of law, does not provide a basis for citing in Cella, McKeon Williams. Section 52-107 provides: "The court may determine the controversy as between the parties before it, if it can do so without prejudice to the rights of others; but, if a complete determination cannot be had without the presence of other parties, the court may direct that such other parties be brought in. If a person not a party has an interest or title which the judgment will affect, the court, on his application, shall direct him to be made a party."[6] Thus, § 52-107 bestows authority on the court to admit additional parties and provides persons not parties to the action the right to intervene under certain circumstances, none of which are applicable to the present case.Washington Trust Co. v. Smith, 241 Conn. 734, 699 Conn. A.2d 73 (1997); Horton v. Meskill, 187 Conn. 187,445 A.2d 579 (1988). "[General Statutes § 52-107 and Practice Book § 9-18] do not provide for a motion by the [defendant] to add additional parties; rather, they refer to the court's own power to add parties on its own motion or on the motion of the interested party who wished to be made a party to the action." State v.Premises at 79 Lake Ave., Superior Court, judicial district of Danbury, Docket Nos. 311701, 311703 (November 12, 1996, Moraghan,J.) (18 Conn. L. Rptr. 216).
A claim for indemnification is appropriately brought pursuant to General Statutes § 52-102a and Practice Book § 10-11.Malerba v. Cessna Aircraft Co., 210 Conn. 189, 195, 554 A.2d 287
(1989); see also Sims v. Honda Motor Co., 225 Conn. 401, 417,623 A.2d 995 (1993) ("the legislature has enacted statutes allowing a tortfeasor to implead, in certain circumstances, potentially CT Page 11856 liable joint tortfeasors"); Branford v. Herzig,33 Conn. App. 714, 724, 638 A.2d 608 (1994) ("if the defendant believed that a nonparty was responsible for some or all of the plaintiff's injuries, it was his responsibility to implead that nonparty") Section 52-102a provides in relevant part: "A defendant in any civil action may move the court for permission as a third-party plaintiff to serve a writ, summons and complaint upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him."[7] General Statutes § 52-102a (a). "Pursuant to section 52-102a, [t]he defendant . . . [does] not have a statutory right to implead a third party; the statute commits the decision of such motions to the sound discretion of the trial court." (Emphasis in original; internal quotation marks omitted.) Hajjar v. FrederickL. Bultman, Inc.,Superior Court, judicial district of Danbury, Docket No. 316244 (February 9, 1995, Leheny, J.) (13 Conn. L. Rptr. 434) (quoting Cupina v. Bernklau, 17 Conn. App. 159, 164,551 A.2d 37 (1988)).
Rubenstein Sendy's proposed cross-complaint fails to comply with the requirements of § 52-102a. "As a fundamental and threshold requirement, a third party plaintiff must allege that the third party defendant is or may be liable to the third party plaintiff for all or part of the plaintiff's claim against him."Commissioner v. Lake Phipps Land Owners Corp., 3 Conn. App. 100,102, 485 A.2d 580 (1985). Nowhere in the proposed cross-complaint does Rubenstein Sendy allege that Cella, McKeon Williams are or may be liable to it for all or part of Rivera's claim against it. Rather, Rubenstein Sendy merely alleges that if Rivera suffered any damages, they were caused by Cella, McKeon 
Williams' actions. (Def.'s Proposed Cross-Complaint, 7/24/98, 6 ¶ 15.) Clearly, this sole allegation falls short of the requirements of § 52-102a. See Commission v. Lake Phipps LandOwners Corp., supra, 3 Conn. App. 100 (upholding dismissal of third party complaint on the ground the defendant failed to allege that the third party defendant was liable to the third party plaintiff for plaintiff's injuries); see also Clark v. VinAgency, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 326940 (August 18, 1997, Skolnick, J.) (20 Conn. L. Rptr. 286) (defendant/third-party plaintiff apportionment complaint may not refer to indemnification)
Furthermore, General Statutes § 52-102b provides the exclusive method of bringing an apportionment defendant into a negligence action. General Statutes § 52-102b (f); Bhinder v.CT Page 11857Sun Company, Inc., 246 Conn. 223, 231, 717 A.2d 202 (1998); Paulv. McPhee Electrical Contractors, 46 Conn. App. 18, 21,698 A.2d 354 (1997). Section 52-102b provides in relevant part: "A defendant in any civil action to which section 52-172h applies may serve a writ, summons and complaint upon a person not a party to the action who is or may be liable pursuant to said section for a proportionate share of the plaintiff's damages in which case the demand for relief shall seek an apportionment of liability." General Statutes § 52-102b (a); see also Somma v.Gracey, 15 Conn App. 371, 378, 544 A.2d 668 (1988) (General Statutes § 52-572h applies to legal malpractice claims sounding in negligence); Center Capital Corporation v. Hall,
Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 452084 (February 24, 1994, Lavine, J.) (9 C.S.C.R. 342) (same); DeFusco v. Schweitzer, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 509663 (September 14, 1993, Hennessey, J.) (8 C.S.C.R. 1078) (same). Although Rubenstein Sendy's proposed cross-complaint includes a demand for apportionment of its liability, it was not served according to § 52-102b. See also Ketchale v. Unger,
Superior Court, judicial district of New Haven at New Haven, Docket No. 396218 (July 15, 1988, Levin, J.) (holding that the 120 day period contained in § 52-102b is neither jurisdictional nor mandatory).
For all of the above reasons, Rubenstein Sendy's motion to cite in is hereby denied without prejudice. The court will not act on the pendent motion to disqualify in light of its denial of the foregoing motion to cite in.
Angela Carol Robinson Judge, Superior Court